Rescript Opinions.

ANTONINA RINTONE *vs.* MASSACHUSETTS BAY TRANSPORTATION AUTHORITY & another. June 3, 1975. The plaintiff's amended bill of exceptions disputes the allowance of the motion of each of two defendants for a directed verdict in a tort action brought for injuries received by the plaintiff in a fall down a flight of temporary wooden steps leading to the passenger platform within an M.B.T.A. station then in the process of being altered by the defendant Perini Corporation. We conclude that there was evidence from which the jury could have found (1) that there was a defect in the step from which the plaintiff fell; (2) that the defect caused the fall; (3) that each defendant was responsible for the defective condition of the step and (4) that the defect had existed for a sufficient period of time to charge either defendant with knowledge of its existence and a duty to correct it. *Upham* v. *Boston,* 187 Mass. 220, 221 (1905). *Shwartz* v. *Feinberg,* 306 Mass. 331, 332-333 (1940). *Cobb* v. *Worcester County Elec. Co.* 338 Mass. 252, 254-255 (1958). Compare *Oliveri* v. *Massachusetts Bay Transp. Authy.* 363 Mass. 165, 166-170 (1973). That the testimony of one of the plaintiff's witnesses may have been conflicting was a question to be resolved by the jury. *Garland* v. *Stetson,* 292 Mass. 95, 97-98 (1935). *Keenan* v. *E. M. Loew's, Inc.* 302 Mass. 309, 310-311 (1939).

*Exceptions sustained.*

*Thomas B. Shea* for the plaintiff.
*James G. Fay* for Massachusetts Bay Transportation Authority.
*James C. Gahan, Jr.,* for Perini Corporation.

WILLIAM C. HARDY *vs.* UTICA MUTUAL INSURANCE COMPANY. June 9, 1975. The judgment obtained by the plaintiff in the First District Court of Eastern Middlesex against the defendant's insured, satisfaction of which was sought by the present bill in equity brought in the Superior Court under G. L. c. 214, § 3(10) (as in effect prior to St. 1973, c. 1114, § 62) and granted by the decree appealed from, was invalid, as the District Court never acquired jurisdiction for the reasons stated in *Nickerson* v. *Fales,* 342 Mass. 194, 196-200 (1961), *White* v. *Hultgren,* 357 Mass. 36, 39-40 (1970), and *Gifford* v. *Spehr,* 358 Mass. 658, 660-662, 663-664 (1971). While the foregoing cases arose under G. L. c. 90, § 3C (as appearing in St. 1937, c. 387), their reasoning is equally applicable to a case such as the District Court action underlying the present bill which arose under G. L. c. 90, § 3D (as amended through St. 1956, c. 75), because the relevant provisions of §§ 3C and 3D are (and since their insertion in the General Laws by St. 1928, c. 344, have been) almost identical. *Insurance Rating Bd.* v. *Commissioner of Ins.* 356 Mass. 184, 188-189 (1969). *Commonwealth* v. *Mercy Hosp.* 364 Mass. 515, 520 (1974). *Shrewsbury* v. *Munro,* 2 Mass. App. Ct. 362, 364-365 (1974). It follows that the present bill does not lie. *Rogan* v. *Liberty Mut. Ins. Co.* 305 Mass. 186, 188 (1940). Contrast *Shapiro* v. *State Farm Mut. Ins. Co.* 355 Mass. 54, 57 (1968). The decree is reversed, and judgment is to be entered dismissing the bill.

*So ordered.*

*Philip Tirrell* for the defendants.
*Theodore J. Dennis* for the plaintiff.