WILLIAM C. HARDY *vs.* UTICA MUTUAL
INSURANCE COMPANY.

Middlesex. January 8, 1976. — February 3, 1976.

Present: REARDON, QUIRICO, BRAUCHER, KAPLAN, & WILKINS, JJ.

*Practice, Civil,* Service of process. *Jurisdiction,* Registrar of motor
vehicles as statutory agent. *Motor Vehicle,* Registrar as statutory
agent.

Where service in the original tort action was made by service on the
Registrar of Motor Vehicles in accordance with G. L. c. 90, § 30,
although there was a delay of a few days before the registry
mailed a copy of the process to the insured, and where the insurer
had notice of the action before entry of final judgment, the delay
in mailing a copy of the process was not a jurisdictional defect
and did not relieve the insurer of its obligation to satisfy the judg-
ment. [698-701]

BILL IN EQUITY filed in the Superior Court on May 24,
1972.

The case was heard by *Vallely,* J.

After review by the Appeals Court, the Supreme Judi-
cial Court granted leave to obtain further appellate
review.

*Theodore J. Dennis* for the plaintiff.
*Philip I. Tirrell* for the defendant.

WILKINS, J. The plaintiff obtained judgment in a
motor vehicle tort action against the defendant's insured
and brought this bill to reach and apply the defendant's
obligation to satisfy that judgment. The defendant
argues that it has no obligation to satisfy the original
judgment because that judgment was invalid for want of
jurisdiction over its insured. See *Rogan* v. *Liberty Mut.
Ins. Co.,* 305 Mass. 186, 188 (1940). A judge of the
Superior Court ruled for the plaintiff, but the Appeals

Court reversed the decree and ordered entry of judgment dismissing the bill. *Hardy* v. *Utica Mut. Ins. Co.*, 3 Mass. App. Ct. 759 (1975).[a] We granted the plaintiff's application for further appellate review and conclude that there was jurisdiction to enter judgment for the plaintiff in the original action and that the plaintiff is entitled to relief in this proceeding.

The underlying facts are not in dispute. The plaintiff sued the defendant's insured (Bills) in a District Court for personal injuries and property damage. The damages claimed were covered by a motor vehicle liability insurance policy issued to Bills by the defendant. Service was made on Bills, a resident of the Commonwealth, by service on the Registrar of Motor Vehicles on June 7, 1971. See G. L. c. 90, § 3D. For some unexplained reason, the registry did not mail a copy of the process to Bills until July 9, 1971. The writ was returnable on July 12, 1971. The defendant became aware of the pendency of the action on September 20, 1971. Final judgment against Bills was not entered until October 15, 1971.[1]

---

[a] 329 N.E.2d 155 (1975).

[1] The record before us is not as complete as it could be.

We do not know whether Bills received the letter sent to him by the Registrar and, if he did, when he did. We infer that Bills did not tell the defendant about the letter, because the defendant stated in answers to interrogatories in this case that it first learned of the District Court action on September 20, 1971, when it received notice of the marking of the plaintiff's action in the District Court.

The plaintiff asserts that the defendant received proper notice of Bills's default for failure to enter an appearance, as required by G. L. c. 231, § 58A. The record, however, does not show that a notice of Bills's default was given to the defendant or that an affidavit of notice was filed with the court. However, we assume that the statutory requirements of notice to the insurer were complied with in the District Court. The defendant does not suggest that they were not.

The record shows that in January, 1970, the defendant was aware of the plaintiff's claim, arising out of a December 24, 1969, accident, and thereafter assigned a claims investigator, acknowledged receipt of the claim, and received a medical report from the plaintiff's attorney. There is no indication that, if a defense had been undertaken in the District Court action, it would have been prejudiced by the Registrar's delay in mailing a copy of the process to Bills.

The defendant argues that the District Court lacked jurisdiction over Bills because service was not made on him seasonably as required by G. L. c. 223, § 27, as then amended.[2]   It is clear that service on the Registrar was timely and that the delay in mailing a copy of the process to Bills was not the fault of the plaintiff.   Nevertheless, the defendant points to the requirement of § 3D of G. L. c. 90 that the Registrar send a copy of the process to the defendant "forthwith"[3] and argues that the Registrar's error prevented the District Court from obtaining jurisdiction over Bills.

---

[2] General Laws (Ter. Ed.) c. 223, § 27, provided that a writ must be served not less than seven days before the return day (and not less than fourteen days before the return day where service is in a county other than that of the issuing court).   Section 27 was repealed, effective July 1, 1975, St. 1975, c. 377, §§ 26, 164.

[3] General Laws c. 90, § 3D, as amended through St. 1956, c. 75, reads as follows:  "Application for registration of a motor vehicle or trailer or for a license to operate motor vehicles shall constitute and irrevocably appoint, in case the certificate of registration or license applied for is issued, the registrar or his successor in office the true and lawful attorney of the applicant, upon whom may be served all lawful processes in any action or proceeding against him, or his executor or administrator, growing out of any accident or collision in which he or his agent may be involved while operating a motor vehicle within the commonwealth during the period covered by the certificate of registration or by the license as the case may be, and any process against him which is so served shall, if he is notified of such service as hereinafter provided, be of the same legal force and validity as if served on him personally and the mailing by the registrar of a copy of such process to him at his last address as appearing on the registrar's records shall be sufficient notice to him of such service.   Service of such process shall be made by leaving duplicate copies thereof with a fee of two dollars in the hands of the registrar, or in his office, and the registrar shall forthwith send one of said copies by mail, postage prepaid, addressed to the defendant at his last address as appearing on the registrar's records; and an affidavit of the registrar, or of any person authorized by him to send such copy, that such copy has been so mailed shall be prima facie evidence thereof.   One of the duplicates of such process, certified by the registrar as having been served upon him, shall be sufficient evidence of service upon him under said power of attorney.   The court in which the action is pending may order such continuances as may be necessary to afford the defendant reasonable opportunity to defend the action."

The defendant argues that our cases construing assertedly parallel provisions of G. L. c. 90, § 3C, concerning service on a nonresident motorist, require us to conclude that the District Court lacked jurisdiction over Bills. Section 3C provides that notice of service on the Registrar be given a nonresident defendant by action of the plaintiff. One alternative method of notice under § 3C permits the plaintiff to send a copy of the process by registered mail forthwith following service on the Registrar. Thus, § 3C places an obligation on the plaintiff to send a copy of the process to a nonresident. Section 3D, however, places the burden on the Registrar.

Even if the provisions of § 3C and § 3D were parallel, our cases concerning service on nonresidents under § 3C do not compel us to conclude that the District Court lacked jurisdiction over Bills. In *Nickerson* v. *Fales,* 342 Mass. 194, 198-200 (1961), we indicated that "jurisdiction" over nonresident defendants was not obtained where the plaintiff took no steps to notify the defendants until nearly two years after the action was commenced. Such notice failed to comply with the statutory requirement that the plaintiff send notice forthwith and failed to give the defendant an opportunity to defend the action with "timely notice, in order that the testimony of witnesses, which by delay might be lost, may be obtained." *Id.* at 200. In *White* v. *Hultgren,* 357 Mass. 36 (1970), this court held that the defendant's motion to vacate an order should have been allowed because the nonresident defendant did not receive notice of the proceeding until after the order had been entered, thus denying him a fair opportunity to defend. We have characterized decisions concerning § 3C as treating "the requirement of notice by registered mail as designed to afford the nonresident timely opportunity to defend, and also . . . as matter of substance essential to personal jurisdiction of the defendant." *Gifford* v. *Spehr,* 358 Mass. 658, 661-662 (1971). See also *Hardy* v. *Green,* 277 F. Supp. 958 (D. Mass. 1967), where the judge con-

strued § 3C, in light of Massachusetts cases, to be concerned with the requirements of due process and declined to treat technical variations from the statutory procedure as fatal. *Id.* at 961-962. Cf. *Crete* v. *Audet,* 353 Mass. 725, 730-731 (1968); *Staman* v. *Assessors of Chatham,* 350 Mass. 100, 101 (1966). These cases show that under § 3C reasonable notice must be given to a nonresident so that he may take timely action to defend himself and that, if such notice is not given, the court does not obtain "jurisdiction" to act to his disadvantage.

In the case before us, there was no denial of an opportunity to defend because damages were not assessed and final judgment was not entered against Bills until long after the defendant (and presumably Bills) received notice of the action. We think that timely service on the Registrar was sufficient to confer jurisdiction over Bills.

The fault of a public official over whom the plaintiff had no control should not affect the jurisdiction of the court where no important legislative policy or constitutional question is involved. That has been the result in our decisions in analogous situations. See *Richardson* v. *Zoning Bd. of Appeals of Framingham,* 351 Mass. 375, 377-378 (1966) (town clerk); *Cohen* v. *Board of Registration in Pharmacy,* 347 Mass. 96, 99 (1964) (administrative agency); *Bogdanowicz* v. *Director of the Div. of Employment Security,* 341 Mass. 331, 332 (1960) (clerk of trial court); *Home Owner's Loan Corp.* v. *Sweeney,* 309 Mass. 26, 29 (1941) (clerk of trial court). Cf. *Schulte* v. *Director of the Div. of Employment Security, ante,* 74, 78 (1975).

A case where no timely notice or no notice at all was received by the defendant or his insurer would present a different situation. The delay in mailing by the Registrar, apparent on the affidavit filed with the clerk, would have justified (if not required) the vacating of the default judgment against Bills on his motion, so that the defendant acting for Bills could be given a reasonable opportunity to defend the action. However, the defect was

not "jurisdictional," and it may not be raised in this proceeding to reach and apply the obligation of the defendant insurer.

*Judgment of the Superior*
*Court affirmed.*