PATRICIA FIELD vs. MASSACHUSETTS GENERAL HOSPITAL
& others.[1]

Suffolk. September 10, 1984. — October 3, 1984.

Present: HENNESSEY, C.J., LIACOS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Practice, Civil,* Relief from judgment. *Medical Malpractice,* Relief from
judgment.

In an action in which a judgment of dismissal was entered following a deter-
mination by a medical malpractice tribunal that the plaintiff's offer of
proof was insufficient to justify further judicial inquiry, the judge erred
in allowing the plaintiff's motion to vacate the judgment pursuant to
Mass. R. Civ. P. 60 (b) (4) on the ground that the tribunal did not have
jurisdiction to hear the matter, inasmuch as it was the jurisdiction of the
Superior Court, rather than that of the tribunal, that determined the
validity of the judgment. [118-119]

CIVIL ACTION commenced in the Superior Court on April
27, 1978.

A motion for relief from judgment was heard by *Paul K.
Connolly,* J., and questions of law were reported by him to
the Appeals Court. The Supreme Judicial Court granted a re-
quest for direct review.

*Benjamin W. Moulton* for the plaintiff.
*Jared H. Adams* for Thomas B. Fitzpatrick.
*David M. Gould* for John A. Parrish.

O'CONNOR, J. In 1978, the plaintiff began an action in
Superior Court against the Massachusetts General Hospital
(MGH) and Doctors Parrish and Fitzpatrick for injuries result-
ing from her participation as a paid volunteer in a medical
research experiment designed to find a cure for psoriasis. She
alleged four counts: negligence, misrepresentation, assault and
battery, and breach of warranty. Pursuant to G. L. c. 231,

---

[1] John A. Parrish, M.D., and Thomas B. Fitzpatrick, M.D.

§ 60B, the Superior Court convened a medical malpractice tribunal which directed dismissal of all counts against the doctors, and of two counts against MGH, unless the plaintiff posted bond. The plaintiff did not post bond, and a Superior Court judge allowed the doctors' motions to dismiss with prejudice. Two counts against MGH remained viable.

In July, 1983, pursuant to Mass. R. Civ. P. 60 (b) (4) and (6), 365 Mass. 828 (1974), the plaintiff, by new counsel, requested that the Superior Court vacate the judgments in favor of the doctors. Rule 60 (b) provides that "[o]n motion and upon such terms as are just, the court may relieve a party . . . from a final judgment . . . for the following reasons: . . . (4) the judgment is void; . . . or (6) any other reason justifying relief from the operation of the judgment." In her motion the plaintiff contended, inter alia, that because she was not a "patient who was engaged in treatment" the medical malpractice tribunal "did not have subject matter jurisdiction over [her] causes of action . . ., and the decision of the Tribunal . . . as well as the Judgments which were entered thereon are void and a nullity and should be set aside."

Stating that "[u]nder Mass. R. Civ. P. 60 (b) (4), the judgment of the Medical Malpractice Tribunal is void," a Superior Court judge vacated the judgments and reported two questions to the Appeals Court. See G. L. c. 231, § 111. The judge took no action on the motion in so far as it sought relief under rule 60 (b) (6), nor did his report address the plaintiff's rule 60 (b) (6) arguments. We granted the plaintiff's petition for direct appellate review. We reverse.

Rule 60 (b) (4) allows relief only from void judgments. A court must vacate a void judgment. It may not vacate a valid one. No discretion is granted by the rule. See Reporters' Notes to Mass. R. Civ. P. 60 (b) (4), Mass. Ann. Laws, Rules of Civil Procedure at 586 (1982).

The plaintiff argues that because the medical malpractice tribunal "did not have subject matter jurisdiction" the judgments entered in the Superior Court are void. But she errs, as did the Superior Court judge, by focusing on the *tribunal's* authority. Rule 60 (b) (4) concerns the authority of *courts*. The Su-

perior Court had — and indeed still has — jurisdiction over the plaintiff's civil action. "Jurisdiction concerns and defines the power of courts, encompassing the power to inquire into facts, apply the law, make decisions and declare judgment." *Police Comm'r of Boston* v. *Municipal Court of the Dorchester Dist.,* 374 Mass. 640, 662 (1978). Since the Superior Court had the authority to declare the judgments, they are not void, and rule 60 (b) (4) affords the plaintiff no relief.

The plaintiff's real complaint is that the Superior Court judge erred by convening the medical malpractice tribunal. We express no opinion about that contention except that it is not relevant to a rule 60 (b) (4) motion. "A void judgment is to be distinguished from an erroneous one . . . ." *Lubben* v. *Selective Serv. Sys. Local Bd. No. 27,* 453 F.2d 645, 649 (1st Cir. 1972).

Because the Superior Court judge did not address the plaintiff's rule 60 (b) (6) argument, we do not reach it. Nor need we reach the reported questions. See *McStowe* v. *Bornstein,* 377 Mass. 804, 805 n.2 (1979). We reverse the order of the Superior Court judge vacating the judgments entered in favor of the doctors, and remand the case to the Superior Court for further proceedings not inconsistent with this opinion.

*So ordered.*