Martin, J.
This is an action of contract in which the plaintiff seeks to recover for accounting services rendered to the defendant.
The complaint was entered on July 29,1991. The return of service filed with the court indicates that on August2,1991, the complaint was served in hand to K. Sprague, Clerk & Agent in charge.
OnAugust29,1991,adefaultjudgmentwas entered against thedefendantpursuant to Dist./Mun. Cts. R Civ. P., Rule 55 (b) (1) in the amount of $8,094.01 plus interest and costs for a total of $11,516.81. An execution was issued on September 30,1991. On February 18,1992 a Motion for Relief from Judgment pursuant to Rule 60 (b) and a Motion for Stay of Execution under Rule 62 (b) were filed by the defendant. After hearing, the motion for Relief from Judgment was denied on March 12,1992. The defendant filed a request for a report and draft report on March 20,1992, claiming to be aggrieved by the denial of the Motion for Relief from Judgment.
The defendant argues in his brief and affidavit that the principal place of business is in Burlington, MA and that Kenneth Sprague is not its agent, and, therefore, under Rule 60 (b) (4) a judgment based upon improper service of process is void as a matter of law. The defendant argues in the alternative that if the judgment is not found to be void, the court abused its discretion in not granting relief to the defendant on the grounds of “mistake, inadvertence... or excusable neglect,” under Rule 60(b) (1).
Uncontroverted allegations set forth in an affidavit submitted along with a Rule *190 60 (b) motion must be taken as true by the motion judge. Farley v. Sprague, 372 Mass. 419, 424-425 (1978); Metivier v. McDonald’s Corporation, 16 Mass. App. Ct. 916 (1983).
In this case, it is an uncontroverted fact that Kenneth Sprague is neither a clerk nor agent of the corporation, and to the extent that he might have been an employee, it was prior to June, 1990, and from June, 1990 until September 1, 1991, Norwood was nothing more than a lessor. In view of this, service was not effective pursuant to Dist./ Mun. Cts. R. Civ. P., Rule 4 and Massachusetts General Laws, Chapter 223, §37. The judgment rendered in reliance on this service is consequently void.
We do not reach the question of whether the trial judge abused his discretion because it was error for the judge to deny defendant’s Motion for Relief from Judgment.
The decision is reversed, the judgment is vacated and the execution is to be returned to the court.