Coven, J.
This is an action arising from the sale of an allegedly unmerchantable used motor vehicle in which the plaintiff claims that the defendant-seller made misrepresentations in violation of G.L.c. 266, §92A, G.L.c. 90, §7N et seq., and G.L.c. 93A.
The defendantfailed to file an answer, a default judgment was entered and damages were assessed in the amount of $19,728.00. Over one year after entry of judgment, the defendantfiled amotion to set aside the judgment pursuant to Dist./Mun. Cts. R. Civ. P., Rule 60(b) (4) and (6) on the grounds that the plaintifffailed to make proper service of process on the defendant. The defendant now appeals the trial court’s denial of his motion to set aside the default judgment.
The complaint in this matter was filed on March 6,1991 against the defendants his individual capacity. The sheriff s return of service states thatthe complaint was served in hand on “Allen Hinckley, person authorized to accept service for Kevin Lavelle, d/b/a at 737 Boston Road, Billerica.[2]
In support of his Rule 60 (b) motion to set aside judgment, the defendant filed an affidavit which stated that the defendant has continuously resided in Winchester, Massachusetts since 1982 and that in 1990, when the plaintiff purchased the vehicle from Lavelle Auto Sales, the defendant had no contact or relationship with either the location where the transaction took place, or with any of the individuals who were conducting business at that location under the name of Lavelle Auto Sales. The affidavit further recited that the defendant never received either a copy of the G.L.c. 93A demand letter sent by the plaintiff, or notice or service of the complaint in this case. Finally, the defendant averred thathe never had any knowledge of the litigation.
At the hearing on defendant’s motion to set aside judgment, the plaintiff filed an affidavit with certain attached documents. These documents consisted of copies of an application for a license to sell used motor vehicles for 1990 purportedly signed by the defendant; a letter dated June 8,1990 indicating a change in managers for Lavelle Auto Sales; and a Town of Billerica license application and license renewal certification dated November 28,1990, again purportedly signed by the defendant.
Subsequent to the motion hearing, the defendant filed a supplemental affidavit, indicating that he did not know Allen Hinckley and that Hinckley was neither authorized, nor appointed, to accept service for or on behalf of the defendant. The affidavit further stated that the defendant never filed, nor had any knowledge of the filing of, the documents that the plaintiff submitted to the court with his affidavit, and *102 that the defendant’s purported signatures on those documents were not made by the defendant.
In its denial of the defendant’s motion to set aside the default judgment, the trial court stated:
After consideration of the affidavits and all supporting exhibits, including supplemental affidavits, I find the defendant knew or ought to have known, in fact, of the commencement of the action and that the plaintiff took all statutory and reasonable steps to effect actual notice. The defendant had actual notice of the commencement of the action.
The defendant contends on this appeal that the trial court erred as a matter of law in denying the defendant’s Dist./Mun. Cts. R. Civ. P., Rule 60(b) (4) motion to set the default judgment as void for lack of proper service.[3] The defendant argues specifically that the plaintiff failed to make proper service to him in hand or at his residential address as mandated by Dist./Mun. Cts. R. Civ. P., Rule 4 (d) (1). Rule 4(d) (1) provides that service shall be made on an individual by delivering a copy of the summons and complaint to him personally, or by leaving copies at his last and usual place of residence, “or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by statute to receive service or process.”
In assessing the defendant’s contentions, we apply the general rule that uncontroverted allegations set forth in an affidavit submitted with a Rule 60(b) (4) motion must be considered as true by the motion judge. Farley v. Sprague, 374 Mass. 419, 424-425 (1978); Metivier v. McDonald’s Corp., 16 Mass. App. Ct. 916, 918 (1983); Kane & Kane, Inc. v. Norwood Racquetball Develop. Corp., 1992 Mass. App. Div. 189, 189-190.[4] A party who fails to file an opposing affidavit “may not rely on the hope that the judge may draw ‘contradictory inferences’ in [that party’s] favor from the apparently undisputed facts alleged in the affidavit of the moving party.” Farley v. Sprague, supra at 425. See also Community Nat’l Bank v. Dawes, 369 Mass. 550, 554 (1976). The burden was thus on the plaintiff to refute or contradict the facts set forth in the affidavits produced by the defendant herein. Farley v. Sprague, supra at 424-425; Metivier v. McDonald’s Corp. supra at 918. Because the documents attached to the plaintiffs affidavit failed to controvert sufficiently the allegations contained in the defendant’s affidavits, the defendant’s assertions that he never authorized Hinckley to acceptformal service of process and never received actual notice of this action must be accepted as true for purposes of his Rule 60(b) (4) motion.
There is no merit to the plaintiffs contention that the defendant’s motion must fail simply because the sheriff’s return indicates that proper service was made on an authorized agent of the defendant. The plaintiff relies on the rule that as “between the parties and their privies, the return of the officer is conclusive as to all matters which are properly the subject of the return.” Atlas Elev. Co. v. Stasinos, 4 Mass. App. Ct. 285, 287 (1976). Such rule as to the conclusiveness of the sheriff’s return is applicable, however, “only when it appears that the defendant or the party against whom it is applied has had some actual notice of the pendency of the action and some opportunity to be heard prior to judgment.” Shapiro v. Roper’s Enterprises, Inc., 1981 Mass. App. Div. 195, 197. See, e.g., Hardy v. Utica Mut. Ins. Co., 369 Mass. 696, 700 (1976); Atlas *103 Elev. Co. v. Stasinos, supra at 288; Smith v. Arnold, 4 Mass. App. Ct. 614, 616-617 (1976).
In this case, the defendant’s uncontroverted affidavit denies any claim that he had actual notice of the action, or that he was afforded any opportunity to be heard prior to the entry of the default judgment even though the plaintiff was at all times aware of his home address. Other than the recitations of the sheriffs return, the record is devoid of any facts which would suggest that the defendant had actual notice of this action, or that Hinckley, the person named in the return, was authorized in accordance with Dist./Mun. Cts. R. Civ. P., Rule 4(d) (1) to accept service. The plaintiffs reliance on the sheriffs return as dispositive of the issue of notice is thus misplaced.
As the uncontroverted facts setforth in the defendant’s affidavits establish that the individual named in the return was not an agent authorized by appointment or statute to accept service on behalf of the defendant, and that valid service was not made in accordance with Rule 4 (d) (1), it must be ruled that the plaintiff failed to perfect service of process in this action. Such failure to perfect service requires that the default judgment against the defendant be declared void pursuant to Rule 60(b) (4) as the court never obtained personal jurisdiction over the defendant prior to the default. Madden v. Madden, 359 Mass. 356, 361 (1971); Gulda v. Second Nat’l Bank, 323 Mass. 100, 104 (1948); Bowers v. Board of Appeals of Marshfield, 16 Mass. App. Ct. 29, 32 (1983). Where a judgment is void because of a failure to perfect service and a corresponding lack of personal jurisdiction, Rule60(b) (4) mandates that it be vacated and no discretion is afforded to the trial court. Field v. Massachusetts General Hosp., 393 Mass. 117, 118 (1984). See also, Reporter’s Notes to Mass. R. Civ. P. 60(b)(4), Mass. Ann. Laws Rules of Civil Procedure at 586 (1982).
The default judgment entered against the defendant herein is hereby vacated as void. So ordered.

 The return also indicates thatthe sheriff mailed a copy of the summons and complaint to the defendant The plaintiff conceded at oral argument, however, that the summons and complaint were mailed to the defendant only at his business address. The plaintiff further conceded that although he was aware at all relevant times of the defendant’s home address, he neither attempted to serve the defendant nor directed any notice to the defendant at his home address.

 Because the defendant’s Rule 60(b) (4) claim is dispositive of this appeal, it is unnecessary to consider the issue of an abuse of discretion in the trial judge’s refusal to vachte the default judgment pursuant to Rule 60(b) (6).

 Massachusetts adopted this rule of law after noting that the Federal Courts had uniformly interpreted Fed. R. Civ. P., Rule 60 as requiring the acceptance of allegations in uncontroverted affidavits of the moving party as true for the purpose of deciding the Rule 60 motion. Farley v. Sprague, supra at 424; Burchett v. Bardahl Oil Co. 470 F.2d 793, 797 (10th Cir.1972); Grantham v. Challenge-Cook Bros., 420 F.2d 1182, 1186 (7th Cir.1969).