LoConto, J.
The plaintiff seeks review of the trial judge’s allowance of the defendants’ motion to dismiss. We find no prejudicial error and dismiss the report. The facts necessary to decide the issues are as follows.
The plaintiff, Pamela J. Rososky, brought an action for personal injuries she claimed were received as a result of a Massachusetts motor vehicle accident. On February 18, 1994, she filed a motion for entry of a default judgment and assessment of damages. The defendants were notified of said hearing by regular mail. Paul C. Galligan, Jr., alleged to be the operator of the motor vehicle, was notified by mail at a Newport, Rhode Island address and his mother, Carol R. Galligan, the owner of the vehicle her son was supposedly operating, was notified at her Amherst, Massachusetts address. Thereafter, on behalf of both defendants, a motion was filed to dismiss the complaint for the failure to obtain service on the defendants. The plaintiff is aggrieved of the trial judge’s allowance of said motion.
As to the defendant Paul C. Galligan, Jr., counsel acknowledged during argument before us that the motion was correctly allowed. As to the defendant Carol R. Galligan, faced with a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden to establish facts on which to predicate jurisdiction over the defendant. Good Hope Industries, Inc. v. Ryder Scott Company, 378 Mass. 1, 389 N.E. 2nd 76 (1979).
In accordance with Rule 4(d) (1) of the Dist./Mun. Cts. R. Civ. P, service is made on an individual in Massachusetts by delivering personally, by leaving a copy at the individual’s last and usual place of abode or by delivery to an agent authorized by appointment or by statute to receive service of process, including authorization for service through the Registrar of Motor Vehicles in accordance with G.L.C. 90, §3D. The report indicates that the plaintiff served the vehicle owner by service on the Massachusetts Registrar of Motor Vehicles. Compliance with section 3D requires that process be made by leaving duplicate copies, with the appropriate fee, in die hands of the registrar, or in his office, and proof that the registrar did forthwith send one copy by mail, postage prepaid, addressed to the defendant at his last known address as appearing on the registrar’s records. An affidavit of the registrar or any authorized person that said copy has been so mailed shall constitute prima facie evidence thereof. Certification of a duplicate of such process constitutes sufficient evidence of service upon the defendant under the power of attorney. The report indicates that no affidavit of compliance was filed and no evidence of actual notice to Carol R. Galligan. The trial judge correctly allowed the motion to dismiss.
Report dismissed.