Minehan, J.
This case presents an appeal from a denial of a motion for relief from judgment and to vacate execution pursuant to Rule 60(b) (4) of the Dist./ Mun. Cts. R. Civ. P. Through a beneficiary, the Bourne Realty Trust (the Trust) seeks to vacate a judgment entered against it on the grounds that the judgment is void. The Trust argues that plaintiff, Bannon, Inc., failed to perfect service upon the Trust and that the Barnstable District Court never obtained jurisdiction over the Trust.
The motion for relief from judgment and to vacate execution should have been allowed.
The record indicates that no proof of service was filed showing service of the complaint and summons upon tire Trust. Bannon states through affidavit of its attorney, that “ ... on information and belief' the original summons was delivered to the Plymouth County Deputy Sheriffs Department for service. While this Court acknowledges that a lack of return does not invalidate service that has been made, the record contains no evidence whatsoever that the Trust was ever served in this case. Further, Bannon never requested a default judgment to enter against the Trust. Where there is no evidence which shows that Bannon served a summons and complaint on the Trust, the Barnstable District Court never obtained personal jurisdiction over the Trust. “ [Wjhere a judgment is void because of a failure to perfect service and a corresponding lack of personal jurisdiction, Rule 60(b) (4) mandates that it be vacated and no discretion is afforded to the trial court.” Stamas v. Lavelle, 1993 Mass. App. Div. 101, 103 citing Field v. Massachusetts General Hospital, 393 Mass. 117, 118 (1984). The Barnstable District Court had no authority to enter a judgment by default or otherwise against the Trust.
The judgment is void and the default judgment entered against the Trust is hereby vacated.