Dougan, J.
The defendant seeks review of the motion judge’s denial of its motion for relief from judgment. We find error and vacate the judgment.
The plaintiff alleges she was crossing Brookline Avenue in Boston, Massachusetts on March 9,1995 when she was struck by a van driven by an employee of the defendant causing her to sustain personal injuries and other damages. On or about February 9,1996, the plaintiff filed a complaint in the Boston Municipal Court. On May 6,1996, the plaintiff served the complaint, statement of damages, interrogatories and request for production of documents on the Registrar of Motor Vehicles as agent for service of process for the defendant. Plaintiff filed a request for a default and the attorney’s affidavit in siipport of the default on July 25,1996. A default was entered on July 26,1996. On April 16,1997, counsel for the plaintiff sent notice of defendant’s default to defendant’s insurer, Aetna Casualty & Surety Company, pursuant to G.L.c. 231, §58A As required by the statute, counsel for the plaintiff filed an affidavit of compliance with the court at the assessment of damages hearing on April 30, 1997. On May 1, 1997, the court assessed damages in the amount of $11,300.00. Judgment entered on May 6,1997 in the amount of $13,139.55 including costs and interest. On June 6,1997, the defendant filed a motion for relief from judgment pursuant to Rule 60(b) (4). In support of its motion for relief from judgment the defendant filed an affidavit from Deborah Hazell, owner of the defendant company, stating that it had never been served with a copy of the plaintiff’s complaint and had no actual notice of the suit before the default judgment and until it received notice from its insurance company on May 20,1997. No opposing affidavit contesting these statements was filed. A second judge heard the matter on June 26, 1997 and denied the motion. On July 31, 1997, defendant filed a notice of appeal.
The standard of review of the denial of a Rule 60(b) (4) motion is whether the motion judge erred as a matter of law in denying the motion. Field v. Massachusetts General Hospital, 393 Mass. 117, 118 (1984); Stamas v. Lavelle, 1993 Mass. App. Div. 101. The appellate court will reverse the motion judge’s decision if there was an error of law. Field at 118. Rule 60(b) (4) requires the court vacate a judgment void for lack of personal jurisdiction and failure to perfect service and the rule does not allow the judge discretion. Id.
The uncontroverted statements in an affidavit filed in support of a Rule 60 (b) (4) motion must be taken as true by the motion judge. Farley v. Sprague, 374 Mass. 419, 424-425 (1978). The plaintiff filed no written opposition to defendant’s motion nor did she provide any affidavits at oral argument. The plaintiff submitted no evidence that the defendant had actual notice of the lawsuit. Since the plaintiff offered no evidence to contradict the statements in Hazell’s affidavit, the motion judge should have taken the statements as true. The statements contained in the affida *55 vit set forth sufficient evidence that the defendant was never properly served and did not have notice of the lawsuit until after the default judgment entered and it had been notified by its insurance company.
The record also shows that service of process on the defendant was made on the Registrar of Motor Vehicles as agent for the defendant. General Laws c. 90, §§3C and 3D set forth the procedure for service of process on the Registrar of Motor Vehicles. Compliance with sections 3C or 3D requires that process be made by leaving duplicate copies, with the appropriate fee, in the hands of the registrar, or in his office, and proof that the registrar did send one copy by mail, postage prepaid, addressed to the defendant at his last known address as appearing on the registrar’s records. An affidavit of the registrar or any authorized person that said copy has been so mailed shall constitute prima facie evidence thereof. The plaintiffs affidavit of compliance with the statute “shall be filed in the case on or before the return day of the process.” Rososky v. Galligan, 1995 Mass. App. Div. 26. No affidavit of compliance was filed as required by G.L.c. 90, §§3C or 3D.
The underlying judgment is void because the plaintiff never perfected service on the defendant nor did the defendant have actual notice of the suit before default and judgment. Consequently, the court did not have personal jurisdiction over the defendant before it entered the judgment. Bowers, 16 Mass. App Ct. at 32; Stamas, 1993 Mass. App. Div. 101. There was error in the denial of the defendant’s motion for relief from judgment. The statute above cited provides an exclusive procedure for notice and failure of the plaintiff to comply with its requirements was fatal. Since no jurisdiction was acquired over the defendant, the motion for relief for judgment should have been allowed. Nickerson v. Fales, 342 Mass. 194. For the reasons stated above the court vacates the judgment entered against the defendant.
So ordered.