NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-594

LUZ HARVEY & another[1]

vs.

ELIAS ASSED (and a consolidated case[2]).

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

This case involves service of process on a foreign national residing in Brazil who, while visiting Massachusetts and exercising his privilege to utilize the roads of the Commonwealth in a rental car, caused injury to the occupant of another car and then left the jurisdiction without providing his true address or taking any responsibility for his actions.  As set forth below, we vacate so much of a final judgment dated April 19, 2022, that dismissed all claims against the defendant. The plaintiffs' appeal from the denial of a third motion for reconsideration and to reinstate is dismissed as moot.

1.  Facts.  a.  Underlying events.  On November 24, 2017, the defendant, Elias Assed, was driving a Jeep Grand Cherokee

_____

[1] Michael Harvey.

[2] The consolidated case involves the same parties.

rented from Enterprise Rent-A-Car on Route 16 in Medford. The car was owned by EAN Holdings, LLC. The complaint alleges that the defendant drove unlawfully through a red light smashing into the car being operated by plaintiff Luz Harvey. The car Luz Harvey was operating was owned by her husband, plaintiff Michael Harvey.

A "Motor Vehicle CRASH Report" signed by Trooper Christopher Sullo of the Massachusetts State police quoted the defendant as saying that he was traveling west on Route 16 "and did not realize the traffic light was red." According to the report, he stated that he "ran the red light and subsequently came in contact with" plaintiff Harvey's vehicle.

This was consistent with the statement of a third-party witness, also conveyed in the CRASH report, who "stated she observed [the defendant's vehicle] run the red light traveling west on Rt. 16 causing the accident with [Luz's vehicle]." The CRASH report, in a section denominated "operator information," stated that the defendant had an address of 100 Rivers Edge Dr., Apt. 439 in Medford (Medford address). Trooper Sullo cited the defendant for failure to stop for a red light; this citation, too, contained the Medford address.

The CRASH report stated that plaintiff Luz Harvey was "transported by Medford EMS to Lawrence Memorial Hospital with non-life threatening injuries to her back and legs."

2

The defendant had purchased insurance coverage in conjunction with his automobile rental. The insurance carrier was Rental Insurance Services, Inc. (RIS). On January 3, 2018, an attorney for the plaintiffs notified RIS by letter that Luz Harvey intended to make a claim against the bodily injury portion of the policy. In the same correspondence, counsel requested, pursuant to G. L. c. 175, § 112C, the disclosure of the policy limits within thirty days from the date of the letter. RIS responded in a timely manner, disclosing a policy limit of one million dollars.

b. <u>This litigation</u>. On November 23, 2020, the plaintiffs' counsel filed the complaint in this action against the defendant and EAN, alleging, inter alia, negligence causing bodily injury, expenses for medical care and lost wages, as well as loss of consortium. In the plaintiffs' statement of damages, documented expenses including those for the hospital, the doctor, chiropractic treatment, physical therapy, and lost wages totaled $228,797.

i. <u>First attempt at service and first motion to dismiss</u>. On February 9, 2021, a Middlesex County deputy sheriff served process (i.e., the summons and complaint) on the defendant by leaving it at the Medford address. The plaintiffs filed the return of service on February 22, 2021.

3

On March 5, 2021, counsel for the defendant entered a "special appearance for the limited purpose of jurisdiction, and service of process."  The appearance he filed noted that, "[i]n entering his special appearance, the Defendant does not waive personal jurisdiction, or service of process defenses."

On April 23, 2021, counsel for the defendant filed a motion to dismiss for, inter alia, insufficient service of process under Mass. R. Civ. P. 12 (b) (5), 365 Mass. 754 (1974).  The defendant attached two affidavits, each of which was captioned with the name and docket number of this case.  The first, signed by the defendant, stated, "I am in my 70's [sic] and am a lifelong resident of Rio de Janeiro, Brazil;" "I have never resided at 100 River Edge Drive, Apartment 439, Medford Mass. 02155;" "I have never owned a Massachusetts driver's license;" "I have never owned a driver's license from any other state in the United States;" "I have never owned a car in the United States;" "I have never had a car registered to me in the United States;" and "On November 24, 2017, I possessed a Brazilian license only."  The written statement did not state the defendant's address, or even what country he was in when he signed it.

The defendant further submitted that, "I have not been served personally with a copy of the Summons and Complaint in the above-captioned matter."  He also asserted that, "[o]n

November 24, 2017, I was visiting my son for a few weeks while he was temporarily staying at 100 River Edge Drive, Apartment 439, Medford, Mass. 02155 and attending Boston University." Finally, the defendant said that he had left this jurisdiction and returned to his home in Brazil the very night the accident occurred.

The affidavit was undated; it was preprinted with the month (March) and the year (2021), but the line on which the specific date is supposed to be entered was left blank. The final sentence of the affidavit read, "This affidavit has been translated into Portuguese by my son, Elias Alexandre Assed Filho and I understand it, on that basis." As described below, however, we need not and do not decide whether the affidavit was admissible.

ii. Second attempt at service and second motion to dismiss. Apparently in light of the defendant's filing, while the first motion to dismiss was pending, the plaintiffs effected service of process on the Registry of Motor Vehicles (RMV) on May 13, 2021; the summons stated that service was made pursuant to G. L. c. 90, §§ 3A to 3C.

Sections 3A and 3B of G. L. c. 90 provide that, in all circumstances, by operating a motor vehicle on our roadways, as the defendant did, a foreign national consents to make the Registrar his agent for purposes of service of process.

5

Section 3C of G. L. c. 90 spells out how service of process on the Registrar must be performed:

"Service of process under section three A or three B shall be made by leaving a copy of the process with a fee to be determined annually by the commissioner of administration under the provision of section three B of chapter seven in the hands of the registrar, or in his office, and by giving the defendant notice in either the manner provided in paragraph (1) or in that provided in paragraph (2) hereof."

G. L. c. 90, § 3C.

There is no dispute that the plaintiffs properly served the Registrar. The only issue raised about this second attempt at service was whether the defendant was given notice in the manner provided in paragraph (1) or (2) of G. L. c. 90, § 3C. Those paragraphs state:

"(1) If the defendant is known by the plaintiff to be the holder of a motor vehicle registration or operator's license issued by another state or country, notice of such service upon the registrar as attorney for the defendant and a copy of the process shall forthwith be sent by registered mail, with return receipt requested, by the plaintiff to the defendant at his address of record in the office from which such registration or license was issued. The plaintiff's affidavit of compliance herewith, and the defendant's return receipt, if received by the plaintiff, shall be filed in the case on or before the return day of the process or within such further time as the court may allow. If the defendant has no motor vehicle registration or license known to the plaintiff, such notice and copy shall be sent in the same manner to the last address of the defendant known to the plaintiff, and affidavit of compliance herewith, and the defendant's return receipt or other proof of actual notice, shall be filed in the case within the time above provided.

"(2) Notice of such service upon the registrar and a copy of the process shall be served upon the defendant, if found within the commonwealth, by a sheriff or deputy sheriff of

6

any county of this commonwealth, or, if found without the commonwealth, by any duly constituted public officer qualified to serve like process in the state or jurisdiction where the defendant is found, and the officer's return showing such service to have been made shall be filed in the case on or before the return day of the process or within such further time as the court may allow."

There is another section of G. L. c. 90 that addresses the procedure for service on those who have applied for a driver's license or vehicle registration in the Commonwealth.  It provides that after serving the Registrar, "mailing by the registrar of a copy of such process to [a defendant] at his last address as appearing on the registrar's records shall be sufficient notice to him of such service."  G. L. c. 90, § 3D.

Despite the way the summons was written, after receiving the summons and complaint, the RMV -- presumably because its last address for the defendant was the Medford address on the police report of the accident -- utilized the § 3D procedure, mailing the summons to "his last address as appearing on the registrar's records," G. L. c. 90, § 3D, i.e., the Medford address.  On August 23, 2021, the plaintiffs' attorney sent, via certified mail, return receipt requested, notice of the complaint to the defendant, again using the only address he had for him -- the Medford address.  It was returned to the plaintiffs' attorney as undeliverable.

7

On September 29, 2021, the defendant filed a second motion to dismiss -- the first one still pending -- arguing that this second attempt at service through the RMV was insufficient. Again the plaintiffs opposed, arguing that both the first and the second attempts at service were adequate. The plaintiffs also filed a motion for extension of time to effect service.

Without holding a hearing, and without ruling on the first motion to dismiss, the judge on October 21, 2021, ruled on the second motion to dismiss and the plaintiffs' motion to extend. The judge said,

> "After review, it appears the Plaintiff has properly served process upon the Registry of Motor Vehicles but has not met all the procedural requirements of proper notice, having failed to file an Affidavit of compliance and return receipt or other proof of actual notice. The Plaintiff's [sic] motion to extend (Paper #21) is allowed and Plaintiff may submit its affidavit of compliance and return receipt of mailing on or before November 30, 2021. The Defendant's motion to dismiss (Paper #19) is taken under advisement and held until November 30, 2021, or until the Plaintiff files its supplemental documents, for consideration."

The plaintiffs failed to make any submission by November 30, 2021, and on December 14, 2021, the claims against the defendant were dismissed, leaving only EAN in the case.

The plaintiffs, however, filed a motion for reconsideration and to vacate the order of dismissal on January 28, 2022. The plaintiffs' counsel asserted in an affidavit that until the dismissal order, he had not received and was not aware of the October 21, 2021 order.

8

In an order dated February 3, 2022, the judge addressed the merits of the motion for reconsideration and denied it, saying

> "the Court accepts [counsel's] assertion [that he never received the October 21, 2021 order]. However, the motion must still be denied. The Plaintiff's [sic] motion for extension was based on the procedures set forth in G. L. c. 90 § 3C. Based on the affidavits of counsel and the Keeper of Records of the MA Registry of Motor Vehicles, attached to the motion as Exhibit 2, the procedure followed was not pursuant to G. L. c. 90 § 3C but rather pursuant to G. L. c. 90 § 3D, the procedure intended for residents of the Commonwealth. In discussing § 3C and § 3D, the Supreme Judicial Court has differentiated the two procedural sections as follows: 'Section 3C of this chapter, governing service of process upon nonresident motorist places obligation on plaintiff to send copy of process to nonresident; however, [Section 3D], governing service of process upon resident motorist places such burden on registrar of motor vehicles.' Hardy v. Utica Mut. Ins. Co., 369 Mass. 696 (1976). Defendant asserts that he is and has always been a citizen and resident of Brazil. This seems to place him clearly in the category of being a 'non-resident' of MA, requiring compliance with G. L. c. 90 § 3C. As Plaintiff has not established compliance with G. L. c. 90 § 3C, it gives new reasons for the same result: dismissal."

c. _Subsequent events_. On April 6, 2022, in response to the plaintiffs' request for production of documents, EAN turned over to the plaintiffs a document that included an address for the defendant, as well as his driver's license number with a notation that its issuing country was Brazil.

On April 20, 2022, the plaintiffs' counsel promptly sent the process via registered mail to the address in Brazil. However, the record does not contain proof of delivery (or notice that the letter could not be delivered).

9

Meanwhile, on April 19, 2022, a stipulation of dismissal signed by the plaintiffs and EAN was filed and entered on the docket as part of the final judgment dismissing what remained of the case. Thus, EAN is no longer a party to this case. The plaintiffs subsequently filed a timely notice of appeal from that portion of the April 19, 2022 final judgment that dismissed the claims against the defendant.

d. Motions to reinstate and consolidation of appeals. On May 6, 2022, the plaintiffs served a second motion for reconsideration of the order dismissing the case against the defendant, to vacate said order, and to reinstate the case, under Mass. R. Civ. P. 60 (b), 365 Mass. 828 (1974). The defendant filed a reply to which he attached a new affidavit from his son claiming that, "My father presented the police officer with his Brazilian driver's license at the time of the accident," "[t]he police officer told my father that the license was not acceptable that [sic] he needed a local address," and "I explained that my father was just a tourist and that he was only here for a few days. The police officer asked for a local address, and I provided him with the address I was temporarily living at in Massachusetts."

On July 11, 2022, a single justice of this court issued an order to stay appellate proceedings so that the plaintiffs could litigate their second motion for reconsideration and to

10

reinstate the case.  On August 16, 2022, the same Superior Court judge denied the motion.  The plaintiffs filed a timely notice of appeal from that order.

The plaintiffs' counsel continued to pursue efforts to provide notice to the defendant pursuant to G. L. c. 90, § 3C. After significant efforts, counsel enlisted the assistance of one Maria Bueno, who traveled to Rio de Janeiro, Brazil to attempt to confirm that the defendant still lived at the Rio de Janeiro address and to provide the service papers to him.  She was successful in so doing on August 12, 2022.  On receipt of her affidavit, the plaintiffs' counsel filed an affidavit of compliance with G. L. c. 90, § 3C, which was dated September 22, 2022.

On October 17, 2022, the plaintiffs filed a third motion for reconsideration of the order dismissing the case against the defendant, to vacate said order, and to reinstate the case. That motion was denied on the merits on December 14, 2022, the judge stating, "The Court adopts the reasoning in Defendant's opposition, which reflect [sic] the court's prior determination and rulings, and also based on Plaintiff's [sic] unpersuasive potential new reasons for relief."  The plaintiffs then filed their third timely notice of appeal.

On December 23, 2022, the stay of appellate proceedings was vacated.  A single justice of this court subsequently allowed

11

the plaintiffs' motion to consolidate the appeal from the final judgment with the appeal from the denial of the third motion for reconsideration.

2. <u>Discussion</u>. We have before us two appeals, one from the final judgment in this case, which brings before us the interlocutory order dismissing all claims against the defendant, and the other from the denial of the third motion for reconsideration and reinstatement. Because we conclude that the original attempt at service of process was effective, we need address the merits of only the first appeal.

Rule 4 (d) (1) of the Massachusetts Rules of Civil Procedure, as amended, 370 Mass. 918 (1976), permits process (the summons and complaint) to be served "by leaving copies thereof at [the defendant's] last and usual place of abode." In this case, the plaintiffs had the deputy sheriff leave the process at the Medford address.

This was the address given by the defendant to the State trooper who issued him a citation at the scene of the accident that forms the basis of this action. The return stated that process was served "by leaving at the last and usual place of abode of ELIAS ASSAD [<u>sic</u>], 100 RIVER EDGE DRIVE APT 439 MEDFORD, MA 02155."

The defendant argues, by reference to his signed statement, that the Medford address was never his address. Even assuming

12

that the purported affidavit was both admissible and accurate, we conclude that pursuant to rule 4 (d) (1), service at the Medford address was adequate. The plaintiffs were entitled to rely on the address information contained in the State trooper's CRASH report and to serve the defendant at what he represented was his last and usual place of abode. See Crete v. Audet, 353 Mass. 725, 729 (1968).

The Legislature has long been concerned with protecting people in the Commonwealth from injury or property damage caused by nonresident drivers. Initially there was, "to a large extent, immunity from all legal responsibility on the part of such nonresident" drivers (quotation and citation omitted). Pawloski v. Hess, 250 Mass. 22, 26 (1924). The Legislature has taken many steps to remedy this, while protecting the rights of putative defendants to due process. Thus, for example, it enacted G. L. c. 90, §§ 3A and 3B, to allow service of process on the Registrar for nonresident drivers in-State. See id. at 26-27 (upholding such laws from constitutional challenge).

More to the point here, the Legislature also enacted criminal laws requiring those motor vehicle operators who collide with other motor vehicles -- as the defendant did in this case -- to provide their name and residence before leaving the scene. Under these laws, the defendant was legally obligated to provide his correct and proper address at the scene

13

of the accident.  General Laws c. 90, § 24 (2) (a), says that "whoever without stopping and making known his name, residence and the register number of his motor vehicle goes away after knowingly colliding with or otherwise causing injury to any other vehicle or property . . . shall be punished."  General Laws c. 90, § 24 (2) (a 1/2) (1), states, in relevant part:

> "Whoever operates a motor vehicle upon any way or in any place to which the public has right of access, or upon any way or in any place to which members of the public shall have access as invitees or licensees, and without stopping and making known his name, residence and the registration number of his motor vehicle, goes away after knowingly colliding with or otherwise causing injury to any person not resulting in the death of any person, shall be punished by imprisonment for not less than six months nor more than two years and by a fine of not less than five hundred dollars nor more than one thousand dollars."

The "obvious purpose" of such laws "is to enable those in any way injured by the operation of an automobile upon a public way to obtain forthwith accurate information as to the person in charge of the automobile," as such information is "of a nature which will identify him readily, and make it simple and easy to find him thereafter" (emphasis added).  Commonwealth v. Horsfall, 213 Mass. 232, 236 (1913) (addressing earlier statute requiring making one's name and residence known after causing injury to person or property).  Here, the address given at the scene to the trooper, the Medford address, was, if the defendant's affidavit is credited, not his residence, nor did it make it simple and easy to find him thereafter.

14

In Crete, 353 Mass. at 730, a case involving a car accident, the Supreme Judicial Court held that service was adequate even though it was sent to an incorrect address and returned to the sender. The defendant himself had given the incorrect address in a report of the accident that was statutorily required under G. L. c. 90, § 26. Id. at 726. Although the court stopped short of deciding that the defendant was estopped as a matter of law from denying the address in the report, id. at 730 n.7, it concluded that "there was sufficient representation by [the defendant] that his real address was the Hartford address to which notice was sent, and sufficient tendency for that representation to mislead [the plaintiff], so that [the defendant] should not now be heard to argue that [the plaintiff] did not send notice" to the proper address, id. at 730.

We think the same is true here. Given the laws requiring provision of one's residence at the scene of an accident, the defendant's provision only of the Medford address was both a sufficient representation that that was his residence, and had a sufficient tendency to mislead, such that he cannot now be heard to argue that the process was served at the wrong address. The original attempt at service therefore was sufficient.[3]

---

[3] The defendant is incorrect that the plaintiffs had any obligation to contact "Enterprise Rent-A-Car Company (or the

15

To counter this, the defendant would rely on an affidavit of his son filed after final judgment below, at the time of the third motion for reconsideration in April 2022, which stated that the defendant offered his Brazilian license to the trooper, but that he refused to accept it and required a United States address.  Even if we assume the son's 2022 affidavit is true, and that the events it described would amount to "making known" his Brazilian residence, G. L. c. 90, § 24 (2) (a), (a 1/2) (1), two questions we do not decide, this affidavit was not submitted with the original motion to dismiss, nor indeed at any time before final judgment entered.  As it was not in the record before the judge considering the first motion to dismiss, who had no basis for finding irregular the provision of the Medford address to the trooper, we may not consider it in the appeal from the final judgment.

3.  Conclusion.  Because we conclude the initial attempt at service was effective, we need not address either the second attempt, which is also raised in the appeal from the final

---

title owner, EAN Holdings LLC) to determine the licensure status and home address of Assed" before relying on the address given to the trooper.  The defendant was required at the scene of the accident to make known his name and residence in order to "make it simple and easy to find him" after an accident.  Horsfall, 213 Mass. at 236.  A plaintiff is not required to contact or engage in discovery with other adverse parties or nonparties seeking information that they may or may not have before relying on the defendant's own representation.

16

judgment, nor the appeal from the denial of the subsequent motion to reinstate.

So much of the final judgment dated April 19, 2022, that dismissed all claims against the defendant is vacated, and the case is remanded for reinstatement of those claims.  The plaintiffs' appeal from the denial of the third motion for reconsideration and to reinstate is dismissed as moot.

<u>So ordered</u>.

By the Court (Rubin, Singh & Hershfang, JJ.[4]),

Clerk

Entered:  June 28, 2024.

---

[4] The panelists are listed in order of seniority.