Lombardo, J.
This is an action of tort in which the plaintiffs seek to recover for property damage allegedly resulting from blasting operations conducted by the defendant on or about September 1,1987.
The co mplaint was entered onMay5,1989.Theretumof service filed with the court indicates thaton May 17,1989, the complaint was served, in hand, on Craig Cash, Vice-President of the defendant corporation.
On June 28,1988, a default was entered against the defendant pursuant to Dist./ Mun. Cts. R. Civ. P., Rule 55(a) as a result of the defendant’s failure to plead or otherwise defend this action. An assessment of damages hearing was held on August 21,1989 at which time the trial judge assessed damages against the defendant in the amount of $12,203.07, plus interest and costs. Accordingly, a judgment in the amount of $12,702.51 was entered for the plaintiff on August 23,1989.
On September 1, 1989 the defendant filed a motion for relief from judgment pursuant to Dist./Mun. Cts. R. Civ. P., Rule 60(b). After a hearing, said motion was denied by the trial judge on September 11,1989. The defendant filed a request for a report on September 14,1989, claiming to be aggrieved by the denial of the motion for relief from judgment
The defendant argues in its brief and by virtue of the affidavits submitted along with the motion that service of the complaint was riot valid and therefore the judgment was void since Craig Cash was not the Vice-President of the defendant corporation. Mr. Cash is apparently only an employee of the corporation and the son of the President of the corporation, Milton Cash. He claims that a deputy sheriff gave him the complaint with instructions to give it to his father. Craig Cash never gave the complaint to his father. Instead, he put it in a drawer and forgot about it until August 31,1989. The defendant claims that it was error for the motion judge to have denied the motion pursuant to Dist./Mun. Cts. R. Civ. P., Rule 60(b) (4) which allows relief from a void judgment.
An opposing affidavit was submitted by the plaintiff from Benton Keefe, the deputy sheriff who served the complaint on Craig Cash. Keefe stated in his affidavit that Craig Cash claimed that he was the Vice-President of the corporation and that he would accept service on behalf of the corporation. Craig Cash farther stated that he was in charge of the business in his father’s absence.
Uncontroverted allegations set forth in an affidavit submitted along with a Rule 60 (b) motion must be taken as true by the motion judge. Scannell v. Ed. Ferreirinha & Irmao, LDA, 401 Mass. 155, 158 (1987), Farley v. Sprague, 374 Mass. 419, 424-425 (1978), Metivier v. McDonald's Corporation, 16 Mass. App. Ct. 916 (1983). In the present case, it is an uncontroverted fact that Craig Cash is not the Vice-President or *102 Manager of the Corporation. Furthermore, Craig Cash was not in charge of “running the business” at the time of the attempted service. He was merely an employee of the company.
Likewise, an argument that Craig Cash was acting as an agent on behalf of his father must fail. Apparent authority is that authority which results from statements or conduct by the principal which would cause a third person to reasonably believe that a certain person has authority to acton his behalf. The Binkley Company v. Easter Tank, Inc., 831 F.2d 333 (1st Cir. 1987), citing Hudson v. Massachusetts Property Ins. Underwriting Ass'n, 386 Mass. 450, 457 (1982). While it is uncontroverted that Craig Cash told the deputy sheriff that he was in charge of the business in his father’s absence, statements of a purported agent are not competent evidence of his authority to act on behalf of the principal. Rubel v. Hayden, Harding & Buchanan, Inc., 15 Mass. App. Ct. 252, 255 (1983). There was nothing presented to the motion judge to indicate any statement or conduct on the part of Milton Cash which would serve to confer apparent authority on his son, Craig.
In light of the foregoing, service was not effective pursuant to Dist./Mun. Cts. R. Civ. P., Rule 4 and G.Lc. 223, § 37. The judgment rendered in reliance on this service is consequently void. Farley at 420-421, Metivier at 921. If the judgment is void, the motion judge is without discretion to deny a motion pursuant to Dist./Mun. Cts. R. Civ. P., Rule 60(b) (4).
Since the motion judge erred in denying the defendant’s motion for relief from judgment, the decision is reversed and the judgment is hereby vacated.