Coven, J.
This is an action to recover for the defendant’s alleged negligence in his repair of the plaintiff’s machinery. A default judgment was entered, and the defendant has appealed the denial of his motion for relief from such judgment.
In November, 1992, defendant Charles F. O’Neil submitted a proposal for work to be done on the plaintiff’s machinery. The proposal listed the defendant’s address at RO. Box 270, Essex, Massachusetts. The defendant performed the machinery work in what the plaintiff contends was a negligent manner, and this action ensued.
Suit was commenced on July 23,1993. As the defendant had not filed a business certificate with the Town of Essex listing his residence and the location of his business, see G.L.c. 110, §5, the plaintiff filed an inquiry with the United States Postal Service and ascertained that the holder of Box 270 was “O’Neil Paper” located at 65 Eastern Avenue, Essex, Massachusetts. On September 17, 1993, the Essex County Deputy Sheriff made service of the complaint and summons by “giving [them] in hand to Tom O’Neil, sales agent in charge at time of service for Charles F. O’Neil, d/b/a O’Neil Paper and Supply Co.” at the 65 Eastern Avenue address.
No answer to the complaint was filed, and a default judgment in the amount of $7,255.26 plus interest and costs was entered on February 1, 1994. Execution issued on March 1,1994. A supplementary process complaint was served upon the defendant at his residence on December 15,1994. The defendant did not appear at the February 21,1995 supplementary process hearing, and a capias issued for his arrest on May 25,1995.
After service of the capias, the defendant filed a motion to vacate the default judgment on August 1,1995. In a supporting affidavit-the-defendant statedJfrat 65 Eastern Avenue, Essex, Massachusetts had not been his address since May, 1993; that he had never received notice of a default judgment and that the plaintiff owed him a balance of $2,600.00 for the machinéfyrepair worlTheTiad^erformed. At the motion hearing, defendant’s counsel argued that his client had not been served with process and had no notice of the lawsuit until the capias was served. Counsel further argued that Tom O’Neil, the defendant’s father, was not an agent or employee of the defendant’s business. On August 4,1995, the court denied the motion to vacate the default judgment.
On August 24, 1995, the defendant filed a motion for-reconsideration of the denial of his motion to vacate judgment. In an attached affidavit,Jthe-defendant stated that he was never served with a summons and complaint: notifying him *7 that the plaintiff had commenced this action, and that he had never received notice of a default judgment. Also attached to the motion for reconsideration was an affidavit by Thomas O’Neil, the defendant’s father, which recited that he had never been sales agent for Charles F. O’Neil, d/b/a O’Neil Paper and Supply Co. The defendant’s motion for reconsideration was denied on September 11,1995.
1. A judgment entered by a court which lacks personal jurisdiction over the defendant because of a lack of service of process is void from its inception, Bowers v. Board of Appeals of Marshfield, 16 Mass. App. Ct. 29, 32 (1983); Metivier v. McDonald’s Corp., 16 Mass. App. Ct. 916, 918 (1983), and the defendant is entitled to relief from such void judgment pursuit to Mass. R. Civ. P., Rule 60(b) (4). Farley v. Sprague, 374 Mass. 419, 425 (1978); Konan v. Carroll, 37 Mass. App. Ct. 225, 228-229 (1994); Stamas v. Lavelle, 1993 Mass. App. Div. 101, 103. No discretion is afforded to the court by Rule 60(b)(4) to denyla-naation for relief from a default judgment which is in fact void for lack of proper service. Field v. Massachusetts Gen. Hosp., 393 Mass. 117, 118 (1984); O'Dea v. J.A.L., Inc., 30 Mass. App. Ct. 449, 456 n. 13 (1991).
2. As the defendant in the instant case is an individual, the plaintiff was obligated to make service in the manner prescribed by Mass. R. Civ. E, Rule 4(d) (1)
by delivering a copy of the summons and complaint to him personally; or by leaving copies thereof at his last and usual place of abode; or by delivering a copy of the summons and complaint to an agent authorized by appointment or by statute to receive service of process...
It is undisputed that the summons and complaint were neither delivered to the defendant personally, nor left at his last and customary place-of residence, The record is equally devoid of anything to establish that service was made upon an agent of the defendant “authorized by appointment or by statute to receive service of process” in compliance with Rule 4(d)(1). See Donahue v. Sam Cash Enterp., Inc., 1990 Mass. App. Div. 101, 102.
A sheriff’s return of service, which is generallv conclusive as to all matters properly the subject of a return by him Johnson v. Witkowski, 30 Mass. App. Ct. 697, 714 (1991), rev. den. 411 Mass. 1004; Smith v. Arnold, 4 Mass. App. Ct. 614, 616 (1976), may constitute sufficient evidence of adequate service. The sheriff’s return in this case, however, stated only that service was made “upon the sales agent in charge” of the defendant’s business. There is thus nothing in the sheriff’s return which recites or suggests that the purported “sales agent in charge” was an agent authorized by appointment or statute to receive service on behalf of the individual defendant.
It should be noted that such delivery of a summons and complaint to an officer, managing or general agent, or person in charge of a principal business office is sufficient service only upon a corporation, unincorporated association or other business entity pursuant to Rule 4(d) (2), which also provides in the alternative for delivery of process to “any other agent authorized by appointment or by law to receive service of process.” The requirements of Rule 4(d) (1) for service upon an individual defendant, however, are not satisfied by leaving process at the individual’s place of business or employment unless the person to whom such process is delivered was authorized by the defendant to receive service on his behalf. See Foley v. Walsh, 33 Mass. App. Ct. 937, 937-938 & n. 1 (1992).
3. In short, as the sheriff’s return of service in this case was insufficient on its face and as the plaintiff had advanced no other evidence demonstrating that the *8 defendant was properly served, the defendant’s motion to vacate the default judgment should have been allowed.
Accordingly, the trial court’s denial of the defendant’s Rule 60 motion is hereby reversed, and the default judgment is vacated.[2] So ordered.

 With respect to any potential Mass. R. Civ. R, Rule 4(j) motion to dismiss for the plaintiffs failure to complete service within the prescribed 90 days, we note that the record contains more than enough evidence of “good cause” to excuse such failure. See generally, Hull v. Attleboro Sav. Bk., 33 Mass. App. Ct. 18, 26 (1992). The paradigm of “good cause” under Rule 4(j) is a defendant’s evasion of service. Shuman v. The Stanley Works, 30 Mass. 951, 952 (1991). The defendant’s Mure herein to file a business certificate disclosing his residence, his use of a post office box listing only a business address and other conduct readily suggest an effort to frustrate service. Moreover, the plaintiff made “diligent,” good faith efforts to locate the defendant and attempted service, albeit unsuccessfully, within only 56 days of complaint filing. Id.