Greco, J.
This is a Dist./Mun. Cts. R. A. D. A., Rule 8A expedited appeal by the defendant of the denial of his Mass. R. Civ. R, Rule 60(b) motion for relief from a default judgment.
The plaintiff-car dealer brought this action for the defendant’s alleged breach of a contract to purchase a vehicle. The defendant stopped payment on a $3,000.00 deposit check and refused to take delivery of the vehicle. The complaint was filed on March 18,1997. The deputy sheriff’s return, docketed on June 2,1997, recited that the defendant was served in hand at 1:30 P.M. on May 23, 1997. The return indicated that the place of service was Computer Numerical Control Corporation (“CNC”) located at 225 Steadman Street in Lowell, Massachusetts.
No answer was filed, and a default judgment in the amount of $3,190.36 plus costs was entered upon the plaintiff’s request on June 27,1997. The defendant did not file the motion for relief from judgment which is the subject of this appeal until April 14,1998.
1. The defendant’s principal claim is that the denial of his motion to vacate the default judgment entered against him was error because such judgment was void for lack of service of process. In support of his Rule 60(b) (4) motion, the defendant filed numerous affidavits in an effort to demonstrate that he was not at 225 Steadman St. in Lowell at 1:30 P.M. on May 23, 1997 as stated in the sheriff’s return. As this Division has noted,
[a] judgment entered by a court which lacks personal jurisdiction over the defendant because of a lack of service is void from its inception ..., and the defendant is entitled to relief from such void judgment pursuant to Mass. R. Civ. P 60(b) (4).... No discretion is afforded to the court by Rule 60(b) (4) to deny a motion for relief from a judgment which is in fact void for lack of proper service [citations omitted].
*33 New England Die Cutting, Inc. v. O’Neil, 1997 Mass. App. Div. 6, 7. See also Field v. Massachusetts Gen. Hosp., 393 Mass. 117, 118 (1984); Calley v. Benson, Young & Downs Ins. Agency, 42 Mass. App. Ct. 527, 533 (1997); Baybank v. Sullivan, 1998 Mass. App. Div. 112.
However, the materials before the motion judge in this case warranted his conclusion that the defendant had in fact been served. The defendant’s averment that he had not been served in hand was controverted by the sheriffs return, which constituted prima facie evidence of service. Johnson v. Witkowski, 30 Mass. App. Ct. 697, 714 (1991); Jackson v. Corley, 1997 Mass. App. Div. 25, 26. Moreover, there was nothing in the defendant’s supporting affidavits which conclusively established a lack of service. The defendant claimed that he had terminated his employment with CNC in Lowell in December, 1996, that he thereafter worked for Geo Centers in Newton, and that he was at his Newton place of employment at 1:30 RM. on May 23,1997, the time and date of the service indicated on the sheriff’s return. His supporting affidavits and an accompanying Geo Centers registration log of employee arrivals and departures, however, indicate only that he was in Newton at 10:00 AM. and at 5:00 P.M. Thus his presence in Lowell at 1:30 P.M. was not precluded. Further, while the defendant stated that CNC had filed for bankruptcy before May 23, 1997, one of his supporting affidavits indicated that a crew was working at CNC’s Steadman Street location during the month of May.
2. Having determined that relief from judgment was not required as a matter of law under Rule 60(b)(4), we have also considered whether the defendant’s motion presented grounds cognizable under any other subsection of Rule 60(b). Atlas Elev. Co. v. Stasinos, 4 Mass. App. Ct. 285, 288 (1976). Where, as in the instant case, a judgment is not void,
resolution of motions for relief from judgment repose in the broad discretion of the motion judge. An appellate court will not reverse the motion judge’s decision ‘except upon a showing of a clear abuse of discretion.’ Scannell v. Ed. Ferreirinha & Irmao, Lda, 401 Mass. 155, 158 (1987). The standard is one of marked deference.
Tai v. Boston, 45 Mass. App. Ct. 220, 224 (1998). See generally Cullen Enterprises, Inc. v. Massachusetts Prop. Ins. Under. Assn., 399 Mass. 886, 894 (1987); Nunez v. U-Haul Co. of Nevada, Inc., 1998 Mass. App. Div. 27, 28. Based on the familiar factors to be considered in the disposition of a motion for relief from judgment, see Berube v. McKesson Wine & Spirits Co., 7 Mass. App. Ct. 426, 430-431 (1979), we conclude that the denial of the defendant’s motion in this case was a proper exercise of the court’s discretion.
While the defendant did not expressly assert “excusable neglect” as a basis for Rule 60(b) (1) relief, he essentially argued it before both the motion judge and this Division to justify his delay in filing a motion to vacate the default judgment. The defendant asserted in his affidavit that he first heard of the judgment in August, 1997, two months after its entry, when his bank notified him that the plaintiff had attached his checking account funds by trustee process. The defendant further averred that he was unable to file a Rule 60(b) motion for an additional eight months thereafter because of difficulties in obtaining the various affidavits submitted in support of his motion. The motion judge may have properly viewed with some skepticism the defendant’s claim that eight full months were required to secure the affidavits, particularly in light of the fact that the affidavit of the corporate president of the then bankrupt CNC (which, inferentially, should have been the most difficult to get) was obtained over four months before the defendant filed his motion. The motion judge could have properly concluded that in waiting ten months, the defendant failed to “act promptly after entry of judgment to assert his claim of relief.” Berube v. McKesson Wine & Spirits Co., supra at 431. See Shapiro v. *34 Brown, 1998 Mass. App. Div. 203, 204 and cases collected therein where shorter periods of delay were found unreasonable.
The judge may have been equally unimpressed with the defendant’s “meritorious defense,” an essential requirement for Rule 60(b) relief. Finkel v. Natale Rota, Inc., 19 Mass. App. Ct. 55, 57 (1984); Zisler v. Ayan, 1992 Mass. App. Div. 95, 96-97. The defendant argued that he never intended or agreed to purchase a car from the plaintiff, and that his sole interest was in escaping the high-pressure sales tactics of one of the plaintiffs more aggressive employees. The defendant contended that he could escape the salesman only by convincing him that he could not qualify for a car loan, and that he then not only executed a purchase agreement and other documents, but also gave a $3,000.00 purchase deposit, merely to allow the salesman to check his credit. The obvious question of why the defendant did not simply walk out of the plaintiffs dealership to escape the salesman was not addressed.
Finally, and most significantly, the defendant has set forth no mistake, inadvertence, exceptional circumstances or other actual grounds for Rule 60(b) relief. After having been served in hand, the defendant simply took no action of any kind in response to the plaintiffs lawsuit until his bank account was attached. Under such circumstances, his motion to vacate the default judgment entered against him was properly denied.
Appeal dismissed.
So ordered.