Ripps, J.
In this appeal, pursuant to Dist./Mun. Cts. R. A. D. A., Rule 8C, the defendant appeals from the judge’s September 19, 2002 denial of a Motion to Vacate a 1987 judgment which adjudicated him the father of the plaintiff’s child and ordered him to pay child support and arrears. He bases his motion upon lack of sufficient service and knowledge of the original action. He also appeals *37 from the judge’s October 17, 2002 denial of his Motion to Strike the plaintiffs late-filed affidavit in opposition to his Motion to Vacate.
On September 30, 1987, the Department of Revenue (DOR) filed this complaint on behalf of the plaintiff against the defendant in the Fitchburg District Court. The “Paternity/Support Docket” sheet has a space to fill in the date and/or check off the appropriate event. There are four lines of options about service. It shows that the “Certified and First Class Notice” was mailed on 9/ 30/87 to Williams Street, Fitchburg, the address apparently told DOR by the plaintiff.[1] It shows that the Certified Notice was returned undelivered on October 2, 1987. Copies of the envelope and return receipt both say the reason was that the time for forwarding had expired. As to the First Class mail, there is a line on the docket sheet entitled “First Class Notice returned Undelivered.” No date is entered before that line. We read that line to mean that because no date was entered, the First Class mail was not returned to the court as undelivered. The defendant did not appear on October 27,1987, was defaulted, adjudicated the father and ordered to pay $75 per week plus $1776.50 in arrears.
On August 1, 2002, he filed a Motion to Vacate (pursuant to M.R.C.P., Rule 60, although not denoting a subsection) seeking to vacate the 1987 paternity and support judgment and the arrears in excess of $50,000 on the ground of lack of proof of service. The plaintiff, who was then residing in Florida, filed an Answer and a Motion for Contempt. The Motion to Vacate was heard on September 6, 2002. The plaintiff was not present, but phoned the court to say she was in Florida and unable to attend.
During the hearing, the defendant testified that he had not received the summons and complaint and no notice of the action filed on or about September 30,1987 (Tr. 12), nor did he get notice of the judgment until around 2000 when he was served notice in Florida to appear on a “Petition to Adopt and Enforce A Judgment of a Sister County/Foreign Jurisdiction,” Docket 05-1999-0R-48907. He supports his lack of knowledge by stating that he had not lived at Williams Street, his parents’ address, since he was 19, that he lived with Ms. Adams for two years in Fitchburg during which the child was born, that they moved to Florida in 1988 and lived together almost continuously until 1990, when they separated for the last time. Further, they have lived near each other in Florida for many years. The defendant has not disputed paternity.
On September 16, 2002, the plaintiff filed an Affidavit in Opposition to the Motion to Vacate which was given to the judge. (See docket entry.)[2] On September 18, 2002, the judge denied the Motion to Vacate. On September 20, 2002, the defendant filed a Motion to Strike the Plaintiff’s Affidavit on the ground that it was late-filed. It was heard on October 4, without the plaintiff present, or notice to her, and denied on October 17, 2002.[3]
The defendant appeals on three grounds: (1) that he had not received proper notice of the complaint and therefore the court lacked jurisdiction to adjudicate the matter; (2) that denial of the Motion to Vacate was not proper; and (3) that the judge’s refusal to strike the plaintiff’s September 16, 2002 Affi *38 davit was in error. The first two reasons are identical, as ground for the Motion to Vacate was lack of appropriate service.
Motion to Vacate Under Rule 60(4)
Defendant Lamarine argues, without specifying subsection (4) or (6), that the judgment is void and should be vacated because he never received service of, or notice of, the action. We understand the Motion to be under subsection (4). Mass. Rule Civ. Proc., Rule 60(b) provides, in pertinent part, as follows:
(b) On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment order or proceeding for the following reasons:
(4) the judgment is void;
(6) any other reason justifying relief from the operation of the judgment.
‘The Massachusetts Rules of Civil Procedure contain two provisions by which a defendant can contest the jurisdiction of the court over his person or the sufficiency of the service of process on him. Under Rule 12(b), 365 Mass. 754 (1974), he may raise the issue by a motion to dismiss the action, and under Rule 60(b), 365 Mass. 828 (1974), he may raise it after judgment by a motion for relief from the judgment.” Farley v. Sprague, 374 Mass. 419, 423 (1978). “Rule 60 sets forth a comprehensive framework for obtaining relief from a final judgment or order, balancing the competing needs for finality and flexibility to be certain that justice is done in light of all the facts.” Sahin v. Sahin, 435 Mass. 396, 399-400 (2001).
The decision on a motion under this rule is committed to the sound discretion of the trial judge and will not be reversed on appeal absent a clear showing of abuse of discretion, Scannell v. Ed Ferreirinha & Irmao, Lda., 401 Mass. 155, 157-158 (1987), “that is, if it was a ruling that ‘no conscientious judge, acting intelligently, could honestly’ have made.” Maniscola v. Kenworthy, 2002 Mass. App. Div. 203, 204, quoting Mazzoleni v. Cotton, 33 Mass. App. Ct. 147, 152-153 (1992), quoting Davis v. Boston Elev. Ry., 235 Mass. 482, 502 (1920). “Implicit in the abuse of discretion standard is the possibility that two judges might come to opposite conclusions on the same set of facts, both of which might pass muster on appellate review.” Maniscola v. Kenworthy, supra, at 204.
Although Rule 60(b) (4) is ostensibly subject to the “reasonable” time limit of Rule 60(b), at least one court has held that no time limit applies to a motion under Rule 60(b)(4) because a void judgment can never acquire validity through laches. See Crosby v. Bradstreet Co., 312 F.2d 483 (2d Cir.) (judgment vacated as void 30 years after entry), cert. denied, 373 U.S. 911, 83 S. Ct. 1300, 10 L. Ed. 2d 412 (1963); Marquette Corp. v. Priester, 234 F. Supp. 799 (E.D.S.C. 1964) (Rule 60(b)(4) carries no real time limit).
The concept of a void judgment is “narrowly construed.” O’Dea v. J.A.L., Inc., 30 Mass. App. Ct. 449, 455 (1991). Void judgments subject to vacation are those where there is a lack of jurisdiction over the person or over the res, or a failure of notice. Id.
A judgment entered by a court which lacks personal jurisdiction over the defendant because of a lack of service of process is void from its inception [citations omitted] and the defendant is entitled to relief from such void judgment pursuant to M.R.C.P. 60(b)(4). No discretion is afforded to the court by Rule 60(b)(4) to deny a motion for relief from a default judgment which is in fact void for lack of proper service. Dombrowski v. Chute, 2000 Mass. App. Div. 127, citing Farley v. Sprague, supra *39 at 425; Colley v. Benson, Young & Downs Ins. Agency, Inc., 42 Mass. App. Ct. 527, 533 (1997).
The reason is that service of process is designed to insure the defendant’s due process rights to notice and an opportunity to be heard. Hardy v. Utica Mut. Ins. Co., 369 Mass. 696, 699 (1976); Carroll v. DeMoulas SuperMarkets, Inc., 1987 Mass. App. Div. 163, 165.
While Rule 60 does not mandate the filing of affidavits or counter affidavits, it is the common practice under Federal and State practice for the moving party to support the motion by an affidavit and for the other party to file a counter affidavit if they desire. “A defendant trying to set aside a default or default judgment (whether under Rule 55[c] or Rule 60[b]) must, in any event, accompany his motion with an affidavit setting forth the facts and circumstances (including the nature of his defense on the merits) upon which he rests his motion.” Smith & Zobel, Massachusetts Rules Practice §55.8 (1977); New England Allbank for Sav. v. Rouleau, 28 Mass. App. Ct. 135, 140 (1989). Where “nothing in the documents submitted by the plaintiff refutes or contradicts the facts set out in the affidavits presented by the defendant... the motion judge [is] required to accept as true the uncontroverted allegations recited in the defendant’s affidavits.” Fleishman v. Stone, 57 Mass. App. Ct. 916 (2003), citing Farley v. Sprague, supra at 423-424 (plaintiff’s submission of only the return of service at last and usual failed to controvert affidavit); Metivier v. McDonald’s Corp., 16 Mass. App. Ct. 916, 918 (1983). “The party failing to file an opposing affidavit in such a situation cannot rely on the hope that the judge may draw ‘contradictory inferences’ in his favor from the apparently undisputed facts alleged in the affidavit of the moving party.” Id. at 425, citing Community Nat’l Bank v. Dawes, 369 Mass. 550, 553-556 (1976); Nichols Associates, Inc. v. Starr, 4 Mass. App. Ct. 91, 93-94 (1976). See also Konan v. Carroll, 37 Mass. App. Ct. 225 (1994) (service of process at last and usual did not controvert defendant’s affidavit that they had not resided there for five years).
Service
At the time of the filing of the original action, service of process under c. 209, §32F and c. 209C was governed by District Court Special Rule 209, effective July 22, 1986, the “Emergency Rule for Civil Support and Paternity Actions” which states:
(c) Notice to Defendant. The clerk shall promptly send to the defendant by certified mail, return receipt requested, and also by separate first class mail, at the address or addresses supplied by the plaintiff, a copy of the Complaint and Summons form. Such certified mail notice of the complaint shall be sufficient, although unclaimed or refused by the defendant, provided that the first class mail notice is not returned to the court undelivered. The court may provide for any other means of service in individual cases as is deemed necessary.
District Court Special Rule 209 further states at (2) that “If valid service has been made and if the defendant fails to appear for trial and the plaintiff does appear, the court may adjudicate paternity, and may enter a temporary support order or judgment for support. ...” Herein, the defendant failed to appear and paternity was adjudicated. However, according to the defendant’s testimony, even if first class mail was not returned undelivered, service was still improper as the mail was sent to his parents’ address and he never received it.
Pursuant to the rule, service is sufficient if certified mail is unclaimed or refused, “provided that the first class mail notice is not returned to the court undelivered.” And the First Class mail was not returned. Proof of mailing is prima facie *40 evidence of receipt. Commonwealth v. Crosscup, 369 Mass. 228, 239 (1975). The purpose of a registered or certified mail requirement is, however, merely to facilitate or insure proof of delivery of notice. Cinder Products Corp. v. Schena Constr. Co., 22 Mass. App. Ct. 927, 929 (1986). The question is whether the non-return of the First Class mail is sufficient service under the rule. In spite of prima facie evidence of receipt at his parents’ house, we cannot say that the rule was complied with because the Certified mail was not unclaimed or refused, it was returned because the time for forwarding had expired. In this case, the defendant did not accompany his Motion to Vacate with an affidavit, but apparently had attachments to the motion and testified at the September 6, 2002 hearing. The judge was skeptical about his allegedly not knowing about the judgment after being with the plaintiff all those years and he did not have to credit the defendant’s testimony as to non-receipt of the First Class mail. However, as with the dueling affidavit situation, the defendant’s averment that he had not been served cannot be overcome by the docket sheet entry where there was not conformity of service under the rule. That leaves the court only with an inference that he received the First Class mail because it was sent to his parents’ house, and/or, that he was aware of the action because of the nature of the relationship of the parties. That is not enough. The denial of the Motion to Vacate cannot be supported alone by the Docket Sheet indicating non-return of the First Class mail. See discussion Farley v. Sprague, infra.
Motion to Strike the Affidavit
Herein, the defendant did not comply with accepted practice because he did not file an affidavit in support of his affidavit to which the plaintiff had a right to respond before the hearing. As a result, the plaintiff had no affidavit to respond to. Prior to the hearing, she apparently learned of her right to file an affidavit and it was received by the court after the hearing. Unlike the dueling affidavit situation, a judge is not required to believe any or all oral testimony.
The plaintiff’s affidavit provided additional information about whether the defendant had received the complaint, and/or, was aware of the action. Her affidavit says:
3.1 know the Defendant, Donald E. Lamarine, Jr., received the copy of the summons and complaint because he told me at the time that he received it, and expressed to me that he did not intend to go to court, and he did not go to court. He had advance knowledge of the court hearing and could have appeared at court on October 27, 1987 if he had wanted to.
5. Defendant, Donald E. Lamarine, Jr., brought $25.00 to me shortly after he received the summons and complaint in 1987 but prior to the Court Hearing, at the place where I was living with our son Michael, acknowledging to me that Michael was entitled to Child Support.
If such evidence was accepted by the judge, it would have significantly corroborated the defendant’s receipt of the service by the unreturned first class mail, and/ or, his knowledge of the action. The defendant only asserts that use of the affidavit was improper because it was submitted too late, after the close of all evidence.
A judge is “not obliged to consider the late-filed affidavits and could properly disregard them.” Bloom v. Tellier, 2002 Mass. App. Div. 162, citing LoCicero v. Hartford Insurance Group, 25 Mass. App. Ct. 339 (1988). “[Wjhen the party offended by the rules violation is prejudiced, it is error not to reject the tardily filed affidavit.” USTrust Co. v. Kennedy, 17 Mass. App. Ct. 131, 137 (1983). Therein, because counsel was sick at the time of the hearing, they had not had an opportu *41 nity to be heard in opposition to the late-filed affidavit. See also Horan v. Wadman, 54 Mass. App. Ct. 1117 (2002) (judgment reversed where defendant was not entitled to supplement the record with additional supportive testimony).
But, a late affidavit may be properly received and considered if the opposing party has had an opportunity to respond. Murphy v. Kotlik, 34 Mass. App. Ct. 410, n.5 (1993), citing Woods v. Allied Concord Financial Corp., 373 F.2d 733, 734 (5th Cir. 1967), interpreting Fed. R. Civ. P., Rule 6(b), cited in Smith & Zobel, Rules Practice §56.5, at 353 (1977 & Supp. 1993). A fundamental requisite of “procedural” due process is the opportunity to be heard “at a meaningful time and in a meaningful manner.” Armstrong v. Manzo, 380 U.S. 545, 552, 85 S. Ct. 1187, 14 L. Ed. 2d 62 (1965). The concept is flexible, see Roe v. Attorney Gen., 434 Mass. 418, 427 (2001), and the features of the required hearing will be determined by the “nature of the case.” Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 313, 70 S. Ct. 652, 94 L. Ed. 865 (1950); Paquette v. Commonwealth, 440 Mass. 121 (2003).
Here, the judge was confronted with both parties not following accepted practice. In an apparent attempt to have both heard, he allowed the defendant to testify and accepted the late-filed affidavit. The affidavit was received by the court on September 16, 2002. A copy was sent to the defendant’s counsel. The judge made his decision on the Motion to Vacate after hearing the defendant and receiving the plaintiffs affidavit, and waiting two days. It wasn’t until September 20, 2002 that defense counsel responded by moving to strike the affidavit because it was late-filed. He did not request reconsideration or further hearing. While we are concerned that the defendant’s opportunity to respond to the late affidavit occurred after the decision on the motion to vacate, we are satisfied that the defendant had an opportunity to be heard during his Motion to Strike. As a result, we are unable to determine that the judge abused his discretion in not striking the affidavit.
With the affidavit in the case, the judge could look to the testimony, exhibits and the affidavit. Where service may not have been perfected, but additional information shows that the defendant was actually aware of the litigation at an early stage, chose not to appear, was dilatory in filing a motion to vacate, and failed to advance convincing and detailed defenses, relief from judgment is not required as a matter of law. Atlas Elevator Co. v. Stasinos, 4 Mass. App. Ct. 285, 288 (1976); Johnson v. Witkowski, 30 Mass. App. Ct. 697, 714 (1991); Jackson v. Corley, 1997 Mass. App. Div. 25, 26; Gill v. Flynn, 1997 Mass. App. Div. 138; 128 Sales, Inc. v. Demaria, 1999 Mass. App. Div. 32; Cadle Company v. Rowe, 2000 Mass. App. Div. 49 (in all cases, materials before the motion judge warranted conclusion that the defendant had in fact been served).
As a result, we are satisfied that the defendant had an opportunity to be heard in opposition to the contents of the affidavit. Failing to strike it was not error. The allowance of the motion to vacate was not required as a matter of law, and because there was sufficient evidence upon which the judge could find that the defendant received the complaint, and/or, had knowledge of the action, there was no abuse of discretion in denying the Motion to Vacate.
There being no error, the denial of the motion to vacate is affirmed.[4]

 As listed in the Application for Complaint.

 And, according to the Certificate of Service, it was mailed at the same time to defense counsel. He did not complain that he had not received the affidavit until after the decision. Nor did he file for reconsideration.

 We were not provided a transcript of the Motion to Strike Hearing and judge made no findings.

 The defendant’s argument is with the arrears, apparently not with paternity, which he does not dispute. “There would be little point... in eradicating [the] procedural error if it were clear on the record that upon remand [the plaintiff] was fated to lose.” USTrust Co. v. Kennedy, 17 Mass. App. Ct. 131, 137 (1983).