Dawley, J.
The issue presented by this appeal, under Dist./Mun. Cts. R. A. D. A, Rule 8C, is whether the District Court erroneously denied the defendant’s motion to vacate a default judgment. The parties have submitted a joint statement of the evidence. For the reasons stated below, the denial of the defendants motion to vacate the default judgment is reversed.
On May 6, 2002, Eric S. Bigelow (“Bigelow”) rented a car from Enterprise Rent-A-Car Company (“Enterprise”). Bigelow gave his address in the rental agreement as 180 Davis Street, New Bedford. The rental agreement provided that Bigelow would be responsible for any property damage to the rented vehicle, regardless of fault. He declined to purchase optional insurances on the vehicle. On June 1,2002, the vehicle was damaged while it was being operated by his girlfriend, Suzanne Matías (“Matías”), who was not an authorized user of the vehicle under the agreement.
A review of the procedural history of the case established the following undisputed facts. Enterprise sent a demand letter by certified mail and first-class mail to Bigelow at 180 Davis Street on October 31, 2002. The copy sent by certified mail was returned unclaimed; the copy sent by regular mail was not returned. On February 7, 2002, Enterprise filed its complaint. On December 11, 2002, a summons and copy of the complaint, with a statement of damages, were forwarded to the Bristol County Sheriff’s Department for service on Bigelow. On December 19, 2002, the Sheriff’s Department completed service, pursuant to Mass. R. Civ. R, Rule 4 and G.L.c. 223, §31, by leaving the attested copies of the pleading at Big-elow’s “last and usual” place of abode and by mailing a copy to him by first-class mail. In his affidavit, Bigelow denies ever having been served and asserts that he had no knowledge of the pending action.
Having received no response from Bigelow, Enterprise requested on February 5, 2003 the entry of default and a hearing on March 4, 2003 for the assessment of damages. Copies of the default papers were served upon Bigelow by regular mail at the 180 Davis Street address. This mailing was not returned by the post office as undeliverable. The March 4, 2003 hearing was rescheduled to April 24, 2003, notice of which continuance was sent to Bigelow at 180 Davis Street by regular mail, which was not returned. The hearing on April 24,2003 was again continued, to May 22, 2003, due to the unavailability of a judge. Notice of the May 22, 2003 hearing was again mailed to Bigelow at 180 Davis Street, and no mail was returned.
On May 22, 2003, Bigelow failed to appear for the hearing and Enterprise’s *166 motion for assessment of attorney’s fees was allowed. On May 28, 2003, default judgment was entered for Enterprise in the amount of $13,900.17. On June 4,2003, Enterprise filed a motion to issue execution, requested a hearing date of June 26, 2003, and filed a certificate of service stating that notice was mailed to Bigelow at 180 Davis Street.
On June 25, 2003, Bigelow filed a motion, supported by his own affidavit, to vacate the default judgment. Bigelow denied that he received process and averred he was unaware of the proceedings. In the affidavit, Bigelow stated he and Matías had lived together at her mother’s residence at 180 Davis Street in May, 2002. He further stated they moved in June, 2002 to 83 Davis Street, where they lived together until March 2003, when they broke up and he moved out. Bigelow submits that he first learned of this action in June, 2003, when Matías gave him the motion to issue execution. In his affidavit, he also asserted that Matías used the rental car without his permission, that Matías worked for the insurance agency handling both of their insurance policies, and that she had assured Bigelow she had reported the accident to her insurance company and that “they were going to take care of it.”
The motion judge denied the motion to vacate the default judgment under Mass. R. Civ. R, Rule 60(b) (1) or (6), finding that there was nothing in Bigelow’s affidavit to support a finding of mistake, inadvertence or excusable neglect. Citing Bigelow’s claim that he had moved from 180 Davis Street to 83 Davis, the Court noted his residence was on the same street and that he still lived with Matías at the time the complaint was served at her mother’s house. The Court found it implausible that Bigelow had not received notice through their relationship, and opined that “it is more likely that he relied on his girlfriend’s promise to take care of the matter through her insurance, which she never did.” The motion judge further stated that Bigelow had no meritorious defense because he was the sole signatory of the rental agreement.
Recognizing that a denial of a Mass. R. Civ. R, Rule 60(b) motion will be reversed only if the appellate court determines that the denial was “clearly erroneous,” Bernard v. United Brands Co., 27 Mass. App. Ct. 415, 423 (1989), we note that no discretion is afforded to the motion judge to deny a motion for relief from a default judgment that is void for lack of proper service. Field v. Massachusetts General Hospital, 393 Mass. 117, 118 (1984). A default judgment obtained without service of process is void. Farley v. Sprague, 374 Mass. 419, 424, 425 (1978).
Here, Bigelow filed an affidavit stating that he changed residential addresses one month after he rented the vehicle from Enterprise. The affidavit also stated he moved again in March, 2003, some ten months after the car rental. The return of service of the summons and complaint lists December 19,2002 as the date of service — more than six months after Bigelow avers he left the residence. In its affidavit opposing Bigelow’s motion to vacate the judgment, Enterprise did not controvert Bigelow’s assertions that he had moved and did not receive process or notice of the proceedings. Enterprise’s affidavit recites the procedural steps it took to serve Bigelow, but its affidavit fails to counter Bigelow’s submission that he did not reside at the house where “last and usual” service was attempted, or that he did not know of the pending action until he received notice of it following the default judgment. In evaluating Bigelow’s motion, the motion judge was required to accept as true the uncontroverted allegations recited in defendant’s affidavit. Metivier v. McDonald’s Corp., 16 Mass. App. Ct. 916 (1983).
Two other decisions illustrate this issue: Farley, supra, and Konan v. Carroll, 37 Mass. App. Ct. 225, 229 (1994). In Farley, the defendant was defaulted for failure to appear and answer, and final judgment entered for the plaintiff, whereupon execution issued. The defendant moved to vacate for lack of proper service and filed affidavits stating he had not been a resident of Massachusetts for over forty years. *167 The Supreme Judicial Court concluded that the plaintiff (who submitted only the return of service) had failed to controvert the defendants allegations in his affidavit, and reversed the order denying relief from judgment. Farley, supra, at 425. In Konan, the defendant sought to vacate a default judgment, asserting that service of process was improper because he had moved several years earlier from the house where service was attempted, at that he had no knowledge of the suit before default judgment entered. The Appeals Court described an affidavit proffered in opposition to the defendant’s motion — from a deputy sheriff describing the procedure to be followed in order to effect service of process — as “wholly unresponsive,” and rejected the plaintiffs position that the default judgment was valid because service of process was perfected at the defendant’s “last and usual place of abode.” Konan, supra, at 229.
The denial by the motion judge of Bigelow’s motion to vacate the default judgment against him is reversed, and that motion is accordingly allowed.
The case is remanded for further proceedings.