Welsh, J.
The plaintiff sustained injuries when she slipped and fell while employed at premises owned or controlled by the defendant The incident occurred on September 26,1996. The plaintiff commenced this action for the defendants alleged negligence on August 16,1999. The defendant did not appear or take any steps to oppose the action until supplementary process proceedings were initiated against him in November of 2003. According to the defendant, as stated in his affidavit filed in connection with his Rule 60(b) motion, he had no notice or knowledge of the proceedings until haled into court by virtue of a writ of capias issued under G.L.c. 224, §18. The complaint and summons in the original action stated that the defendants address was 207 Dover Street in Brockton. The officer’s return of service, dated November 10,1999, indicated service at the last and usual place of abode; to wit, 207 Dover Street in Brockton.[1] The defendant avers that he never resided at that address at any time. There was no showing in the record that this assertion was false. The motion judge ordered an evidentiary hearing on the issue of notice and determined that the motion for relief from judgment be denied. The transcript does not disclose any evidence refuting the defendant’s averment as to lack of notice. The defendant denies receipt of notice of default or of assessment of damage proceedings after the default This assertion, likewise, is not refuted by the record.
There are few propositions in the law more basic than the idea that due process requires notice and an opportunity to be heard. A judgment issued without such notice is void. Farley v. Sprague, 374 Mass. 419, 425 (1978). The judgment in this case is void because the court never acquired jurisdiction over the defendant. Colley v. Benson, Young & Downs Ins. Agency, Inc., 42 Mass. App. Ct. 527, 533 (1997). There is no discretion to deny relief from judgment under Rule 60(b) (4) where it is shown that the court lacked personal jurisdiction. See Bowers v. Board of Appeals of Marshfield, 16 Mass. App. Ct. 29, 31 (1983) and cases cited. The defendant’s allegations as to not residing at the address shown as his last and usual place of abode are essentially unrefuted. Since the judgment was void ab initio, the strictures imposed by other parts of Rule 60 as to being brought within a “reasonable time” are not applicable. J. Smith & H. Zobel, Rules Practice §60.11, p. 482.
The order denying relief from judgment is vacated. An order shall enter allowing the motion for relief from judgment under Rule 60 (b) (4).
So ordered.

 The return indicates that the officer mailed a copy of the summons and complaint to the defendant at the same address. The record does not show whether the mail was returned as undeliverable.