Welsh, J.
This civil action was commenced to collect a credit card debt alleged to be due from the defendant. A companion action was brought roughly simultaneously for another credit card debt owed by the same defendant. The companion action resulted in a judgment for the plaintiff and is not the subject of this appeal. Its relevance is limited to the issue of the defendant’s notice or knowledge of the pendency of the instant action.
The sole issue on this appeal is whether the motion judge erred in her determination that the court had acquired personal jurisdiction over the defendant.
The officer’s return of service states that service of process on the defendant was made by leaving a true and attested copy of the summons and complaint, and a statement of damages, at the defendant’s last and usual place of abode; to wit, 293 Mill Road, Fairhaven, MA.; and by mailing first class to that address on March 6, 2001. Facially, the return indicates service in compliance with the requirements of G.L.c. 223, §31 and Mass. R. Civ. R, Rule 4(d) (1). The defendant makes no argument to the contrary. His argument is, essentially, that 293 Mill Road in Fairhaven was not his last and usual place of abode at the time of service.
It cannot be gainsaid that the physical absence of the defendant at the moment of service does not divest the court of personal jurisdiction over the defendant as long as the premises were in fact his last and usual place of abode. Even if the defendant was temporarily absent from the dwelling due to domestic difficulties, the motion judge was not obliged to find that the residence described in the officer’s return was not his last and usual place of abode. A case directly on point is Atlas Elevator Co. v. Stasinos, 4 Mass. App. Ct. 285 (1976). The Appeals Court in Atlas expressly considered and rejected the defendant’s contention that the trial court never acquired personal jurisdiction because he had ceased to reside with his wife who continued to occupy the residence described in the return of service. Citing the general rule that as between the parties and those in privity with them, the officer’s return is conclusive as to all matters which are properly the subject of the return, the fact that service was made at the last and usual place of abode in the Commonwealth was deemed properly the subject of the return. Citing Joyce v. Thompson, 230 Mass. 254 (1918), the Court further held that although the return did not state in haec verba that the defendant’s last and usual place of abode was known to the officer, *173 such knowledge may be implied. Id. at 287. These facts are similar to those of the case at bar.[2]
In circumstances far more compelling that those presented in the case at bar, the Supreme Judicial Court held that a “last and usual” service at an address the defendant gave on an accident report about six months earlier was valid notwithstanding his hospitalization at the time of the service. Bird v. Ross, 393 Mass. 789, 791 (1985). The Court held that the defendant’s own neglect in listing an inappropriate address on the report form did not detract from the plaintiffs compliance with G.L.c. 223, §31. The defendant actually lived at another address, but used the address given for mailing purposes.
There is a clear line of demarcation in this area between cases in which the defendant had actual notice of the pendency of the action and those in which he did not. Compare Smith v. Arnold, 4 Mass. App. Ct. 614, 616-617 (1976), with cases like Farley v. Sprague, 374 Mass. 419 (1978) (defendant had not been a Massachusetts resident for many years and his claim of lack of notice was essentially unrebutted) and Konan v. Carroll, 37 Mass. App. Ct. 225, 229 (1994) (perfunctory recital of general procedures used to check addresses for purposes of “last and usual” service held inadequate to rebut specific factual averments in defendant’s affidavit as to nonresidence and lack of actual notice of the action).
The instant action clearly falls within the class of cases in which it may be reasonably inferred that the defendant had actual notice and chose to ignore matters until a default judgment was entered against him. In a supplementary process proceeding following entry of judgment in the companion action previously mentioned, the defendant signed an agreed payment order in which he listed his address as 293 Mill Road, Fairhaven, MA 02719. While the defendant denies living at the address in question, his Rule 60(b) affidavit is notably lacking in specificity as to where he resided at the time of service. Advo, Inc. v. Beninati, 2005 Mass. App. Div. 95, 96. In short, the defendant was required to do more than baldly assert that he was not living at the Mill Road address when service was made.
We conclude that the motion judge was not required as a matter of law to find that the judgment was void for want of service; and that the judge did not abuse her discretion in determining that relief was not appropriate.
Appeal dismissed.
So ordered.

 The Atlas Court further held that since the allowance of the motion for relief from judgment was not required as a matter of law, it would review the judge’s action from the point of view of the exercise of judicial discretion. In light of the fact that the defendant was aware of the litigation at an early stage and for reasons of his own chose not to appear in the action, the further circumstance that the motion for relief from judgment came unseasonably late after such notice and deliberate action, and the defendant’s failure to offer facts outlining a meritorious defense, there was no abuse of discretion. Id. at 288.