Brant, J.
This is the defendant’s appeal of the denial of both his motion to vacate a default judgment and his motion for reconsideration of that ruling.
Plaintiff First Select Corporation (“First Select”) is the purchaser of the credit card account receivables of Greenwood Trust Company (“Greenwood”). On September 6, 2000, First Select filed this action to recover the unpaid balance on a Discover credit card allegedly issued by Greenwood to defendant Louis Mastromattei (“Mastromattei”). First Select’s service of process was made by a sheriff who left a copy of the complaint and the summons at 127 Fairview Avenue, Belmont, Massachusetts, an address First Select used based on credit card account information furnished by Greenwood. When no answer was filed by Mastromattei, First Select obtained a default judgment against him on October 24, 2000 and an execution on November 7, 2000.
Mastromattei first learned about the existence of this lawsuit in October, 2003. He sought information from First Select about the alleged debt and its basis for concluding that he was the same Louis Mastromattei named in this suit. First Select’s attorney sent information to Mastromattei’s then legal counsel, but the matter remained unresolved. In November, 2005, Mastromattei authorized his new attorney to communicate with First Select’s counsel. “When negotiations proved unsuccessful, Mastromattei filed a Mass. R. Civ. P., Rule 60(b) (4), motion to vacate the default judgment, which was denied. After hearing, Mastromattei’s motion for a reconsideration of the trial court’s ruling was also denied.
In support of his motion for relief from the default judgment, Mastromattei attached an affidavit in which he asserted that he had never lived at the 127 Fair-view Avenue, Belmont address at which the summons and complaint had been left. He further averred that he had lived all of his life in Newton and had resided for more than fifty years at 58 Churchill Street in Newton. Also attached to Mastro *78 mattei’s Rule 60(b) (4) motion was the affidavit of the owner of 127 Fairview Avenue, Belmont, who averred that he had never heard of Mastromattei and had no reason to believe that he had ever lived at the Belmont address.
First Select responded that it had obtained the Belmont address for Mastromattei from Greenwood; that it had sent various demand letters to Mastromattei at the Belmont address that had not been returned; and that an internet “tracing service” report on Mastromattei showed residential addresses for Louis and his wife, Susan Mastromattei, at both 58 Churchill Street, Newton and 127 Fairview Avenue, Belmont, during the period when the alleged Discover credit card debt was incurred.
Rule 4(d) (1) permits a plaintiff to effect personal service on an individual defendant in the Commonwealth by having a sheriff or constable leave a summons and copy of the complaint at the defendant’s “last and usual place of abode.” Service of process is a prerequisite to any judgment in favor of the plaintiff. ‘There are few propositions in the law more basic than the idea that due process requires notice and an opportunity to be heard. A judgment issued without such notice is void.” Brown v. Paull, 2006 Mass. App. Div. 43.
Had 127 Fairview Avenue, Belmont been Mastromattei’s last and usual place of abode, First Select’s service of process would have been proper. However, Mastromattei’s affidavits in support of his Rule 60(b) (4) motion indicate that he had never lived at the Belmont address, and had instead resided at 50 Churchill Street, Newton for more than fifty years. Those affidavits were essentially unrebutted. First Select’s evidence that correspondence addressed to a Louis Mastromattei at 127 Fair Avenue, Belmont was not returned does not establish that the defendant in this case ever lived there. Similarly, the conflicting results of an internet tracing service listing Mastromattei at both the Belmont and Newton addresses during the same period of time merely raised a question about the accuracy of the tracing service information.
Given Mastromattei’s affidavits refuting First Select’s assertion that he lived at the Belmont address, the service of process in this case was improper. See Metivier v. McDonald’s Corp., 16 Mass. App. Ct. 916, 918 (1983), citing Farley v. Sprague, 374 Mass. 419, 423-424 (1978). Further, in the absence here of any evidence that Mastromattei had actual notice of the lawsuit prior to the entry of the default judgment, that judgment cannot stand. Mastromattei’s Rule 60(b)(4) motion should have been allowed. “[N]o discretion is afforded to the motion judge to deny a motion for relief from a default judgment that is void for lack of proper service.” Enterprise Rent-A-Car v. Bigelow, 2004 Mass. App. Div. 165, 166. ‘The law is clear that if [Mastromattei] was never personally served and had no knowledge of this lawsuit, the judgment against him was void for lack of personal jurisdiction and must be vacated.” Bonadio v. Iebba, 2007 Mass. App. Div. 19, 20.
First Select has endeavored to save its judgment against Mastromattei by arguing that his motion to vacate was not filed in a timely manner. However, because the judgment is void and should never have been entered, the motion to remove the default and default judgment was properly brought even six years after First Select obtained the judgment and an execution. “Notwithstanding the powerful interest in finality of judgments, a motion for relief from a judgment which was void from its inception lies without limitation of time.” Bowers v. Board of Appeals of Marshfield, 16 Mass. App. Ct. 29, 31 (1983). “[A] void judgment can never acquire validity through laches.” Adams v. Lamarine, 2004 Mass. App. Div. 36, 38.
The denial of Mastromattei’s Rule 60(b) (4) motion is reversed, the default judgment is vacated, and the default entered against the defendant is hereby removed.
So ordered.