Brant, J.
This is an appeal of the denial of a motion to vacate a default judgment.
On September 24, 2001, Verizon Yellow Pages Company (“Verizon”) brought suit based on an alleged unpaid Verizon Yellow Pages advertisement that a Joe Fodera (“Fodera”) had signed for on May 10, 1999, as an officer of High Tech Electrical Services, Inc. (“High Tech”). Upon filing suit, Verizon sought to have Fodera served at 21 Medford Street, Malden, an address he had listed as his home address in various corporate filings for High Tech. The attempted service was unsuccessful, and the trial court dismissed the matter for failure to obtain service on January 23, 2002.
On April 16, 2002, Verizon successfully moved to have the dismissal vacated. It attempted service again at the same 21 Medford Street, Malden address where service had previously failed. On May 21, 2002, Verizon obtained service of process by having a copy of the complaint and the summons left at 21 Medford Street, Malden, which it believed to be the last and usual address for Fodera. When Fodera did not file an answer to the complaint, Verizon obtained a default and a default judgment on June 14,2002.
Verizon sent notice of its motions for default and default judgment to the same 21 Medford Street, Malden address where service had been attempted.
In 2007, after Verizon sought to enforce its execution, Fodera brought a motion in the trial court pursuant to Mass. R. Civ. P, Rule 60(b)(6) seeking to remove the default judgment against him. A judge denied the motion. Fodera appealed.
In support of his motion seeking removal of the default judgment, Fodera attached an affidavit in which he alleged that he had never lived at 21 Medford Street, Malden. Rather, he asserted that he had lived at 55-57 Thomas Street, Medford from August 8, 2000 until May, 2002, and has lived at 10 Florence Street, Medford since that time. Although Verizon offered no contrary affidavits, the judge denied Fodera’s motion.
*264 Mass. R. Civ. P., Rule 4(d) (1) permits a plaintiff to obtain personal service in the Commonwealth by having a sheriff or constable leave a copy of the complaint and summons “at his last and usual place of abode.” Service of process is a prerequisite for a plaintiff obtaining judgment against a defendant. “There are few propositions in the law more basic than the idea that due process requires notice and an opportunity to be heard. A judgment issued without such notice is void.” Brown v. Paull, 2006 Mass. App. Div. 43.
Here, Verizon sought to obtain service on Fodera by having the complaint and summons left at 21 Medford Street, Malden, the address it believed was his residence. Fodera alleged in his affidavit that he had not lived at that address when service was attempted and that he presently lived at another address.
Where there is strong evidence that a defendant was not served at his last and usual address, any default judgment obtained based on such service would be improper. See Sears, Roebuck & Co. v. Ford, 2006 Mass. App. Div. 172. “The law is clear that if [Fodera] was never personally served and had no knowledge of this lawsuit, the judgment entered against him was void for lack of personal jurisdiction and must be vacated.” Bonadio v. Iebba, 2007 Mass. App. Div. 19, 20. An unrebutted affidavit from the defendant demonstrating that he did not reside at the address where service was attempted is sufficient to have the default judgment removed. First Select Corp. v. Mastromattei, 2007 Mass. App. Div. 77, 78. “[N]o discretion is afforded to the motion judge to deny a motion for relief from a default judgment that is void for lack of proper service.” Enterprise Rent-A-Car v. Bigelow, 2004 Mass. App. Div. 165, 166.
The situation here, however, is more complicated. Fodera’s affidavit states that he never lived at 21 Medford Street, Malden, and did not receive the complaint or the summons. But in a corporate annual report for High Tech filed with the Secretary of State on August 4,2000, and in corporate dissolution papers for High Tech filed with the Secretary of State on September 12, 2000, Fodera lists his residence at that address. Since Fodera’s assertion in his affidavit that he never lived at 21 Medford Street, Malden is contradicted by the evidence presented to the trial court by Fodera himself that he lived there at the time he dissolved High Tech, a corporation of which he was president, we cannot conclude that the trial judge abused his discretion in ruling that the service of process in this case was proper. Thus, the default judgment Verizon obtained against Fodera could stand.
Appeal dismissed.
So ordered.