Williams, PJ.
Willie Huggins (“Huggins”), allegedly injured in a Mattapan (or Milton) motor vehicle accident in 2004, has appealed the dismissal of his action against Jack Santos (“Santos”) for failure to effect service of process upon Santos in a timely manner. We affirm the judgment and dismiss the appeal.
Huggins commenced this suit against Santos on September 16,2007. Almost two months later, on November 20th, he moved to enlarge the time for service of *102 process. Huggins expressed his belief in that motion that Santos lived outside the Commonwealth,[1] although the only information Huggins had reportedly obtained from Santos at the accident scene was his name and that of his insurer. Huggins’s motion was allowed on December 3, 2007. Even though Huggins was thereby afforded an additional 90 days in which to effect service, he did not take advantage of that capacious period to locate Santos,[2] but instead, the following day, moved for leave to make service upon Santos by serving Santos’s insurer, Progressive Direct Insurance Company (“Progressive”), in Rhode Island. That motion was allowed on December 19, 2007.
Santos, through counsel assumedly hired by Progressive, answered the complaint on January 23, 2008. The answer raised the affirmative defenses that service of process was not properly effected and was untimely under Mass. R. Civ. R, Rule 4(j).[3] Immediately thereafter, Santos propounded interrogatories and a request for *103 documents upon Huggins, and noticed his deposition for a date in mid-April. Santos later moved for reconsideration of the order allowing service on him through his insurer, Progressive, and for an order dismissing the action. The motion judge denied Santos’s motions on July 14,2008, but ordered Huggins to serve Santos within ten days.[4] See G.L.c. 223, §84. No service of process was attempted in response to that order.
On August 25, 2008, Santos moved for reconsideration of his motion to dismiss because Huggins had not served him with process in compliance with the court’s July 14th order. When that motion was heard on September 8, 2008, the motion judge continued the matter for one week to afford an opportunity for settlement discussions. If the case was not settled within the week, the court would dismiss the action. Not surprisingly, settlement was not achieved, and the action was dismissed pursuant to Rule 4© on September 23, 2008. Huggins appealed that dismissal, and Santos cross-appealed on a charge of error in the motion judge’s allowance of Huggins’s request to effect service on Santos by serving Progressive, and denial of Santos’s motion for reconsideration and for dismissal.
Massachusetts Rule of Civil Procedure 4© mandates the dismissal of an action if the defendant is not served with the summons and complaint within 90 days after the filing of the action and the plaintiff cannot demonstrate “good cause” as to why service was not made within that time. See, e.g., Kennedy v. Beth Israel Deaconess Med. Ctr., 73 Mass. App. Ct. 459, 464-465 (2009) (“good cause” standard is “stringent standard requiring diligent, albeit unsuccessful efforts to complete service within the period prescribed by the rule”).
Huggins argues that his service on Santos through Progressive, as authorized by the motion judge, constituted proper service on Santos under Mass. R. Civ. P., Rule 4(e)(5).[5] But beyond suggesting that Rule 4(e)(5) permits a judge to order any means of service on an out-of-state defendant, Huggins advances no authority sanctioning service on an individual through his insurance carrier, especially at an out-of-state address. No such mode of service is mentioned in Rule 4(e), which governs service outside the Commonwealth. It is now undisputed that Santos lived in Providence, Rhode Island, and Huggins’s purported service was sent to him “care *104 of’ Progressive at Progressive’s address in West Warwick, Rhode Island.[6] There is no authority sanctioning such a procedure. To argue that such service was proper because the rule permits the court to order service by any means on an out-of-state defendant is to beg both the general question of its propriety and the specific question of whether the method ordered satisfied the very purposes of service of process: to insure a defendant’s due process rights by providing notice and an opportunity to be heard. Verizon Yellow Pages Co. v. Fodera, 2008 Mass. App. Div. 263, 264; Adams v. Lamarine, 2004 Mass. App. Div. 36, 39, citing Hardy v. Utica Mut. Ins. Co., 369 Mass. 696, 699 (1976).
What if Huggins had known Santos’s employer, and the court had ordered service on that foreign corporate entity? Such service would have been improper unless Santos had authorized “the person to whom such process [was] delivered ... to receive service on his behalf.” Cadle Co. v. Rowe, 2000 Mass. App. Div. 49, 50 n.2, quoting New England Die Cutting, Inc. v. O’Neil, 1997 Mass. App. Div. 6. See also Foley v. Walsh, 33 Mass. App. Ct. 937, 937-938 & n.1 (1992). The service in this case was reportedly addressed to Santos in “care of’ Progressive, and nothing in the record indicates either the identity of the person at Progressive who received the purported service, or even the means by which that delivery was purportedly made. Allowing Huggins to serve Santos at Progressive was error, and we are, therefore, constrained to find that such purported service was ineffective. Having so determined, we conclude that Santos was not properly made a party defendant at any point in this action.
From the motion judge’s September, 2008 order that the action would be dismissed if the parties did not settle the case within a week, we can infer only that the judge had continued to recognize that service on Santos was at least flawed, if not absent. Although we cannot refrain from noting that pressure on Santos to settle the case within that week was ineffective at best, we need not decide the propriety of that order.
Similarly, we need not decide whether good cause existed for Huggins’s delay in even assaying the service he did. See Kennedy, supra at 464-465. We do note that *105 although Huggins argues that Santos had “actively conceal [ed] himself with the intention of evading or frustrating service of process,” the record is devoid of any evidence to support Huggins’s argument. It is also unnecessary to decide whether Progressive’s rebuffs of Huggins’s requests for Santos’s address were justified, but we reiterate that Huggins launched no discovery at Progressive to obtain that information.[7]
Judgment of dismissal affirmed. Appeal dismissed.
So ordered.

 Although what led Huggins to that belief is unknown, it would explain why he did not seek service on Santos through the registry of motor vehicles. See G.L.c. 90, §3C(2). But if we infer that Huggins believed Santos lived out of state because he had glanced at Santos’s presumed Rhode Island license plate, then Huggins was remiss in not attempting service on Santos through G.L.c. 90, §3C(1). See, e.g., Hanson v. Venditelli, 47 Mass. App. Ct. 413, 416-417 (1999), citing Nickerson v. Fales, 342 Mass. 194, 199 (1961) (§3C provides “the exclusive procedure for notice”). See also Saint Louis v. Balloons Over Boston, 1998 Mass. App. Div. 54, 55.

 Huggins makes much of the fact that Progressive refused to divulge Santos’s address to him. Setting aside both the questions of whether that refusal was proper and whether there existed several other sources of Santos’s address that Santos submits were readily available to Huggins, Huggins does not explain why he did not seek to depose a Progressive representative, either in person, or in a written deposition, to obtain the information. He could have done so after, or even before, the suit was commenced. Mass. R. Civ. P., Rules 27, 30, and 31.

 Huggins neither argues that Santos failed to preserve his defective-service defenses, see, e.g., DeAndrade v. Schottenstein Bernstein Capital Group, Inc., 2006 Mass. App. Div. 5, 6, nor that Santos waived them by failing timely to convert them into a motion to dismiss. See, e.g., Raposo v. Evans, 71 Mass. App. Ct. 379, 385 (2008) (defendant challenging service of process in his answer must move to dismiss the complaint within reasonable time, before “substantially participating in discovery and litigating the merits of the case”). Although Huggins does note that Santos’s counsel embarked upon discovery against Huggins and participated in a case management conference, he does not argue that Santos thereby waived his right to raise the defective-service defense or, indeed, abrogated the need for service of process at all. Raising that issue would likely have been of little assistance to Huggins given the situation here. See Id. at 385 n.16, citing Wilson v. Kuwahara Co., Ltd., 717 F. Supp. 525, 528 (W.D. Mich. 1989) (“[I]t would be unduly harsh to penalize [a defendant] by finding it waived its jurisdictional objection by engaging in a moderate amount of pretrial activity for a relatively short period of time after properly raising that objection.”).

 Although it is somewhat puzzling that the motion judge denied Santos’s motion yet ordered “service” anyway, it seems reasonable to conclude that the judge was exhibiting doubts about the efficacy of the service upon Progressive and was, thus, ordering Huggins to effect “good” service upon Santos. Huggins’s counsel, though, interpreted this order as one commanding him to serve Santos with a copy of the court’s decision itself. That interpretation of the court’s order is unpersuasive given the fact that Santos’s counsel had appeared in the case months earlier. The only reasonable interpretation of the court’s order is that good “service” meant “service of process.”

 Rule 4(e)(5) provides, in pertinent part: “When any statute or law of the Commonwealth authorizes service of process outside the Commonwealth, the service shall be made by delivering a copy of the summons and of the complaint... as directed by order of the court.”

 Rhode Island has a “direct action” statute, R.I. Gen. Laws §27-7-2, that allows the substitution of an insurer for an insured in tort suits under certain conditions. See D’Amico v. Johnston Partners, 866 A.2d 1222, 1225-1226 (R.I. 2005). Under that statute, a plaintiff is barred from joining an insurer as a defendant in an action against the insured, but if “the officer serving any process against the insured shall return that process ‘non est inventus,’... the injured party... may proceed directly against the insurer.” The term “non est inventus” means “not found” (citation omitted). Goodman v. Turner, 512 A.2d 861, 862 n.1 (R.I. 1986). That provision, however, would not aid Huggins because though service on a person outside the Commonwealth may be had "in the manner prescribed by the law of the place in which the service is made for service in that place in an action in any of its courts of general jurisdiction,” Mass. R. Civ. P., Rule 4(e)(2), the Rhode Island statute treats substitution of parties — the insurer for the insured — and does not address service on the insurer in lieu of service on an insured who would remain the party defendant.

 In Progressive’s letter of May 9, 2005 to Huggins’s counsel denying liability for Huggins’s damages, Progressive provided him with the address and telephone number of the Rhode Island Insurance Division if he had any complaints about Progressive’s position, which would presumably include its stance that it was under no duty to divulge Santos’s address. The record does not reveal whether Huggins contacted that agency.